WINDSOR,
*February*,
1840.

WOOSTER DOWNER *v.* DANIEL BOWEN.

In an acton against a sheriff for the neglect of his deputy in not executing and returning an execution, upon the delivery of which, and others, the deputy gave his receipt, in which he promised to collect and account for them according to law ; it was held, that evidence of a subsisting a-greement between the creditor and the deputy that he was to furnish the deputy with business, and that the deputy, among other things, was not to commit to jail any of the debtors in execution, unless by express order of the creditor, was admissible.

It was also held that proof of the poverty and insolvency of the judgment debtors in execution, specified in the receipt, was admissible, as tending to prove the delivery of the executions under instructions not to commit without express directions.

THIS was an action on the case against the defendant, as sheriff of Windsor county, for the neglect of his deputy, David Bosworth, in not executing a writ of execution in favor of the plaintiff against one Cyril Pennock, for $21 damages and $3,66 costs, dated October 2, 1837. Plea, not guilty. Issue to the court.

On the trial in the county court, the plaintiff read, in evidence, a receipt, executed to Solomon Dower, signed by said Bosworth, dated Nov. 7, 1837, wherein the said Bosworth, as deputy sheriff, acknowledged that he had received the execution in question, and eighteen other executions, specifying them, and promised to collect and account for them, according to law. The defendant . admitted the execution of the receipt by Bosworth, and that Bosworth was a deputy sheriff of the defendant, as stated in the declaration.

The defendant then offered parol evidence, proving that Solomon Downer, the owner of the execution in question, in the spring of 1837, agreed to furnish said Bosworth with writs and executions to serve; that Bosworth was to serve them and have no fees unless fees were collected of the defendants or debtors, and was not to be holden, in any case, for any neglect thereon, nor was he to commit any of the debtors, in execution, to jail, unless by the express directions of the said Solomon ; that afterwards, from time to time, the said Solomon delivered to said Bosworth writs and executions under said contract ; that, on one occasion, he delivered said Bosworth forty three writs for which Bosworth gave his receipt, dated April 18, 1837, which receipt was pro-

duced on the trial, and is as follows ; "Received of Solomon
" Downer forty three writs which I agree to serve and return
" and wait for fees until I shall collect the same out of the ex-
" ecutions, if he shall give them to me ; if not, then they
" are to be paid as other fees, and I am not to be holden for
" escapes ; and any other business he shall give me, in one
" month, I am to do in the same way and on the same con-
" ditions. (Signed,) David Bosworth, D. Sheriff ;"—that
the execution in question, and the other executions mention-
ed in the first mentioned receipt of the said Bosworth, were
all delivered to him, by the said Solomon, on the same con-
tract.    To the admission of the parol evidence, thus offered,
the plaintiff objected, but the court admitted it.

The defendant also offered testimony tending to prove
that the debtors in all the executions, mentioned in said re-
ceipt for executions, were poor and insolvent.    To this the
plaintiff also objected, but the court admitted the testimony,
and, from the whole evidence, decided, that the plaintiff
was not entitled to recover, and rendered a judgment for the
defendant.    The plaintiff excepted to the decisions and judg-
ment of the county court.

*A. Tracy*, for plaintiff, contended,

I. That it was not competent for the defendant, by parol,
to vary or contradict the receipt.

II. That the evidence, that the execution in question was
received under a pre-existing contract, was improperly ad-
mitted, for this, that it tended to vary or contradict the said
receipt.

III. That the evidence admitted to show the insolvency
of the debtors in said executions, was improperly admitted, as
it had no tendency to prove the issue between the parties.

*O. P. Chandler*, for defendant.

The evidence offered by the defendant did not contradict
the receipt.    It did not even go to the extent of explaining
a latent ambiguity.    The tenor of the receipt simply implies
that the defendant's deputy received the executions.    The
remaining part of the receipt is nothing more than would a-
rise by implication of law.    Had this portion of the receipt
been omitted, the evidence would be clearly admissible in
defence.

This action does not rest upon any agreement contained in

WINDSOR,
*February,*
1840.

Downer
*v.*
Bowen.

the receipt, but the receipt is simply evidence of the delivery of the execution to the deputy.

The rule, excluding parol testimony, does not apply to receipts. They are subject to explanation. *McKinstry* v. *Persol*, 3 Johns. R. 319. *Tobey* v. *Barber*, 5 Johns. R. 68. *Southwick* v. *Hayden*, 7 Cowen's R. 334. *Raymond* v. *Roberts*, 2 Aik. R. 204.

The opinion of the court was delivered by

BENNETT, J.—At the time the deputy sheriff received the execution, he gave his receipt for it, and, in the receipt, he promises to collect and account for the execution according to law. We see no reason, notwithstanding the receipt, why the defendant may not give in evidence the subsisting agreement between the plaintiff and the deputy. This is an action against the sheriff for a neglect of duty. If the contract was still subsisting and was applicable to this execution, most clearly there was no neglect in the deputy in not committing the debtor, unless he had had the special direction of the creditor so to do. The execution ran out in the hands of the officer, by the license of the creditor, and the sheriff must be at liberty to show it. The sheriff only stands responsible for such neglect of official duty of his deputy as the law imposes, and it cannot be enlarged by any special promise of the deputy. The creditor, at all times, may control the execution, and if, in this case, it was not to be levied until further orders, it is an ample defence to this action ; and the admission of this evidence contravenes no rule of law. The deputy, in fact, had no legal right to execute the process, by a commitment of the body of the debtor, without special instructions. This would not have been " collecting the execution according to law," but would have been the ground of an action, had the creditor sustained damage thereby.

It seems, also, that the court below admitted evidence, that, not only the judgment debtor in this execution, but in all the executions mentioned in the deputy's receipt, and which were delivered at the same time, were poor and insolvent, as tending to make out the defence ; and the question is not as to the amount of this testimony, but whether it

was admissible.   The ground  of all presumptions is the ne-cessary or usual connection between facts and circumstances, the knowledge of which connection results from our experi-ence in life, and reflection.

If a judgment debtor  is poor  and insolvent, there is little prospect that a commitment of  the body will eventuate in a satisfaction of the debt, and those of us, who are acquainted with this business, well know that creditors are, usually, cau-tious about  pressing a  poor  debtor into jail, who would, at once, be entitled to his discharge.   Such debts would, ordi-narily, be rendered still more *desperate* by a commitment. If the judgment debtors, in the execution specified in the plaintiff's declaration and all the others, were poor, it does furnish a reason why, probably, the creditor might not wish them committed, and does render it probable that all the exe-cutions might have been delivered under the instructions and agreement contended for by the defendant.   Every man may be presumed, in his transactions of business, to be actuated by interest.   This evidence, however, is slight in its charac-ter, and probably had but little weight with the triers in find-ing the facts; but we cannot say that it is altogether inad-missible.

Judgment of the county court affirmed.