Oaks *v.* Weller.

#### GEORGE B. OAKS *v.* WILLIAM WELLER.

[Same case, 13 Vt. 106.]

Where the deposition of a witness residing out of the state was offered by the plaintiff, and the defendant showed by an *ex parte* deposition, taken previous to the one offered, that the deponent was, at the time of the taking of such *ex parte* deposition, directly interested in behalf of the plaintiff in the case, it was held that the plaintiff might prove *by parol* that, at the time he sent for the deposition offered, and as a part of the same packet, he executed and mailed to the deponent a full release of his interest, and that this showing entitled the plaintiff to use the deposition offered.

Where notice of the acceptance of a proffered guaranty is necessary, in order to charge the guarantor, it is sufficient if such notice be alleged in general terms in the declaration ; and there is no variance, though it be not set up as a substantive part of the contract itself that such notice was required.

Such notice is sufficient, if given by the person for whom the guarantor became holden.

The depositing a letter in the proper post office is evidence to charge the person, to whom it is addressed, with knowledge of its contents.

Oaks *v.* Weller.

Where T., a debtor, and W. had united in sending a proposition for a guaranty by W. to O., in case O. would settle a debt due from T., and give notice by letter to T. that he had done so, it was held that the facts that T. had such notice, and was in the employ of W. as a hired man, and that W., having been called upon for the amount due on his guaranty, said at one time that "he could not pay it without the consent, or advice, of T.," —that at another time he requested the plaintiff's agent to "come and see him and T. together,"— and that at a third time he said that "he signed the guaranty,—that it was not paid,—and that he could not pay it without farther directions from T.," were proper to be given in evidence to the jury, as tending to prove that W. received *notice* from T. that O. had accepted and acted upon his guaranty.

If a deposition be taken under a commission issued from the county court, it is admissible in evidence, though the caption and certificate be not in the form prescribed by statute. *Semb.*

ASSUMPSIT on a promise that, if the plaintiff would settle a judgment in favor of one Hill against one Thomas M. Taylor, and discharge the liability of one William A. Prentiss as bail for said Taylor on the suit in favor of said Hill, and would notify said Taylor by letter that he had so done, the defendant would send to the plaintiff his note for £50, payable in January, 1833. And the plaintiff averred that he had settled said judgment, and discharged said Prentiss' liability, and had written, and deposited in the post office, a letter directed to said Taylor, informing him thereof, and that the defendant had notice thereof.

On the trial in the county court, the plaintiff offered in evidence letters from said Taylor and from the defendant, dated March 7, 1832, containing the promise declared on, to which the defendant objected on the ground that, by the legal effect of the contract contained in said letters, notice was to be given to said Weller as guarantor,—whereas the declaration alleged that notice was to be given to Taylor only. But the court held that this showed no variance, and admitted the evidence.

The plaintiff then proved that he had discharged said Prentiss' liability as bail, and settled said suit pending, and then offered the deposition of said Prentiss in evidence. The defendant objected to the admission of said deposition, on the ground that the caption and certificate were not in the form required by the statute of this state.

But, it appearing that the deposition had been taken in Wisconsin, under a commission issued from the county court, the court overruled the objection.

The defendant, to show that said Prentiss was incompetent from interest to testify in the case, gave in evidence the deposition of said Prentiss, taken by this defendant in 1838 to be used in a trial of this case, which was then pending, from which it appeared that said Prentiss was *then* interested in favor of the plaintiff.

The plaintiff then offered to prove *by parol* that, at the time he sent to the said Prentiss the commission under which the deposition offered was taken, he also deposited in the mail, as a part of the same packet, a full release to said Prentiss of all his liability to the plaintiff on account of this suit, and discharge of his interest. To this the defendant objected, but the same was admitted by the court; and, the testimony having been heard, the court permitted the deposition to be read to the jury.

To prove the notice to Taylor, the plaintiff gave evidence tending to prove that, immediately after settling said liability, he wrote, and deposited in the post office at Burlington, directed to said Taylor at his residence in Canada, a letter informing him thereof, and gave directions to have said letter forwarded immediately.

To show that the defendant had received notice of the acceptance of his guaranty, the plaintiff proved that, at the time of the settlement by him of the Taylor debt, and after that time, the defendant had the said Taylor in his employ,— that at one time, being called upon for the amount now sued for, he said " he could not pay it without the advice, or consent, of Taylor,"—that at another time, the plaintiff's agent having called upon him for settlement of said amount, he requested said agent to " come and see him and Taylor together,"—and that at another time, under similar circumstances, he " acknowledged that he executed the guaranty to the plaintiff,—that it was not paid,—and that he could not pay it without further direction from Taylor."

The other facts in the case, and the charge given by the court to the jury, are sufficiently detailed in the opinion of the court.

The jury returned a verdict for the plaintiff. Exceptions by the defendant.

9

*C. Adams* for defendant.

1. This contract was considered by this court in 13 Vt. 106, and it was determined that Weller was a guarantor, and as such was entitled to notice. This being the judicial construction of the contract, there is a variance between it and the contract declared on, which is that notice should be given to Taylor only.

2. The deposition of Prentiss was improperly admitted. That Prentiss had been interested in the event of this suit is not disputed; and, that the court might see that this interest had been purged, the discharge should have been exhibited. 1 Stark. Ev. 390.

3. There was no legal notice to Taylor. Mailing a letter is not notice, nor is it evidence of notice. It may be reasonable diligence to give notice, but it is nothing more.

In all mercantile cases, such as notice of protest, non-payment, &c., reasonable diligence to give notice is required, but notice in fact is not required. *Shed* v. *Brett*, 1 Pick. 401, 413. *Munn* v. *Baldwin*, 6 Mass. 316. *Saunderson* v. *Judge*, 2 H. Bl. 509.

But in this case diligence is not sufficient; there must be actual notice. It is required, not so much as a notice of the performance, as it is as evidence showing that the contract was formed.

4. There was no competent evidence of any notice to Weller.

*J. Maeck* for plaintiff.

I. The contract offered in evidence, compared with the one set forth in the declaration, shows that there is no variance, as contended by the defendant.

II. The charge of the court on the point of notice was correct, even if notice to defendant was necessary. *Lorillard* v. *Williams*, Chittenden Co., Jan. T. 1832 or 1833, not reported. *Oaks* v. *Weller*, 13 Vt. 110.

III. The deposition of William A. Prentiss was properly admitted.

1. The deposition of 1838 informs us how matters stood between the plaintiff and the deponent some years previous; but it does not follow that, if once interested, he remained so in 1842. The law does not presume a continuance of interest, but the contrary. *Henry* v. *Morgan*, 2 Binney 497. *Fernsler* v. *Carlin*, 3 Serg. &

Rawle 130. *Lessee of Pollock* v. *Gillespie,* 2 Yeates 129. 2 Stark. Ev. 757, in notes.

2. There was no legal evidence to show the interest. The contract ought to have been produced. 1 Stark. Ev. 122. 2 Ib. 756. 2 Cowp. 14. 3 Eng. C. L. Rep. 417.

3. The defendant first took Prentiss' testimony, and used it in chief. *Oaks* v. *Weller,* 13 Vt. 110. He has thereby made the testimony of Prentiss competent in the case; and to permit him now to require proof of a release would be a fraud on the plaintiff. 1 Holt 485. *Ogle* v. *Pelaski,* 3 Eng. C. L. Rep. 164. *Town* v. *Needham,* 3 Paige 545. Greenl. 468.

4. The parol evidence to show the release was admissible. 1. It will be observed that it is not evidence in chief. 2. That it was addressed to the court only on a mere collateral matter. 3. That the witness and paper were both out of the jurisdiction of the court, and there was an utter impossibility of producing the original. The release the witness is entitled to keep for his own protection.

The opinion of the court was delivered by

BENNETT, J. The plaintiff, having taken one William A. Prentiss as bail upon the writ in favor of Warren Hill against Taylor, stood responsible for the sufficiency of such bail, which was considered at least doubtful, if not insufficient. Under these circumstances Taylor proposed to the plaintiff that, if he would settle the Hill debt, he would secure him for one third the amount he should pay, by means of the defendant's note payable in January, 1833, and give his own notes for the residue; and he adds, in substance, that this shall be done when he is notified by letter that the settlement has been made.

The defendant adds, at the bottom of Taylor's letter, that he will send the plaintiff his note for fifty pounds, when he has settled the debt as Mr. Taylor states. It is upon this promise of the defendant that this action is brought.

The first question to be disposed of upon the bill of exceptions is as to the competency of Prentiss as a witness, at the time when his second deposition was taken by the plaintiff in 1842. In his deposition, taken by the defendant in 1838, he disclosed that there was

a written agreement between Oaks and himself, that he was to pay Oaks a further sum of money for what he had paid out in the settlement of the Hill debt, if Oaks should fail to collect out of Taylor and Weller, and an agreement of Oaks to refund a portion of what he might recover to the deponent.

There can be no doubt that the first deposition of this witness showed him directly interested in the result of this suit ; and, if we assume that it is to be presumed that this interest continued to exist to the time of the taking of the second deposition, in the absence of any testimony to show the contrary, the inquiry then arises, whether it was legally shown that this interest had been removed before the second deposition was taken. If the deponent had been upon the stand, and had testified to the agreement between him and the plaintiff, which creates the interest, he might have well been called upon to testify whether his interest had not been released. It is a common principle that, upon the examination of a witness as to *his interest*, he may testify to the contents of any contracts, records, or documents, not produced, affecting the question of his interest. 1 Phil. & Am. on Ev. 150. 1 C. & P. 234, n. Greenl. Ev. 470.

But this is a case where the witness is not upon the stand, but is out of the jurisdiction of the state ; and the deposition showing his interest was taken *ex parte ;* and, besides, the plaintiff has no power to compel a production of the original release in court. Though, perhaps, we should hold that, if the witness had been upon the stand, it would not have been proper to call a second witness to show a release of the interest of the first witness, yet, in such a case as this, we think *parol* evidence of the same facts, which might have been drawn from the witness himself relating to his interest, had he been upon the stand, may be proved by another witness. There is a necessity for such a principle, and there seems to be no more danger in the one case than in the other. If the attorney had retained a copy of the release sent to Prentiss, which he had sworn was a true copy, this would have been but secondary evidence. The court no doubt should be fully satisfied that such a release had been given, as would remove the interest, before the witness could be held competent.

The objection that the certificate and caption of this deposition do

not conform to the statute of this state, insisted upon in the county court, is not now relied upon. The deposition was taken in Wisconsin, under a commission from the county court.

It is insisted that there is a variance between the contract declared upon and the one offered in evidence, and that the county court should have excluded it. The plaintiff, it is to be remembered, went to trial only on the first and third counts of his amended declaration. We do not perceive that this objection is well founded. The contract is declared upon almost literally according to its words. Both counts allege that Taylor was written to, informing him of the settlement &c. of the Hill debt; and both allege *notice* of all that had transpired to this defendant. When this case was before the supreme court in 1841, (13 Vt. R. 106,) it was held that notice of the acceptance of this guaranty by the plaintiff was necessary to charge the guarantor, and that, by the very terms of the contract, notice was to be given to Taylor that the plaintiff had accepted his propositions, and had performed on his part.

Though, to charge the defendant, it was necessary that he should have notice in a reasonable time that the guaranty had been accepted, yet it has been held that such notice need not be a direct, personal notice, given only by the plaintiff or his agent; but that it was a question of fact, to be found by a jury from the testimony and circumstances in the case. See 13 Vt. R. 106, and cases cited by Justice Collamer. The declaration in such case must allege the *notice*, and it must be proved on trial; but it does not become a *substantive* part of the contract, so as to create a variance between the declaration and proof, from its not being set up as one of the provisions in the contract itself. A mere *offer* to guarantee is not binding, unless duly accepted. There must be a *mutual assent* that it shall have operation; and, when the guarantor has notice of its acceptance, that which before was but a mere overture, or offer, is converted into a conclusive guaranty.

The charge of the court, directing the jury that the mailing of a letter in the post office, directed to Taylor, giving him notice of the settlement of the Hill debt, &c., was evidence to charge him with notice, was clearly correct. To prove notice of the dishonor of a bill, a letter announcing it, put into the proper office, directed to

the defendant, even in the case of a foreign bill, has been held suffi-
cient.  2 H. Bl. 509.  6 East 3, 9.  7 East 385.  3 Esp. C. 54.
1 Phil. Ev. 447.  The presumption is that such letters are received
in the due course of mail.  The same principle applies to this case
as to what shall constitute evidence of notice.

No objection is made to the charge of the court, that notice might
have been given by Taylor to the defendant, and that this need not
be proved by direct and positive evidence, but might be inferred
from other facts and circumstances proved in the case.  It is, how-
ever, now insisted that there was no evidence given to the jury tend-
ing to prove notice to Weller.  If this were so, the instructions to
the jury were clearly erroneous.

The court told the jury, upon the point of making out notice to
Weller, "that they might find such notice from the circumstances
of the case, if they found them sufficient, and that the relative situa-
tion and connection in business, existing between Taylor and the
defendant, which the evidence tended to prove, might be taken into
the account."  In Taylor's letter to Oaks, of March 7th, 1832,* he
writes, that he will make the proposed arrangement at any time that
Oaks will write to him that the business is done with Mr. Allen,
(that is, when the Hill debt is settled;) and the defendant, at the
bottom of the same letter, adds his assurance that he will send his
note, as soon as the settlement is made, as Mr. Taylor proposes.
By the terms, then, of Taylor's proposition, Oaks was to advise him
by letter of the settlement of the Hill debt; and he was imme-
diately, or soon after the settlement, so advised, and requested to
forward Weller's note for the fifty pounds, and his own notes for the
balance; and this, Mr. Prentiss testifies, was in March or April,
1832.  The court told the jury that Weller must have had notice
of the settlement within a reasonable time, to be held upon his guar-
anty to send his own note, and that, at all events, it should be before
the first of January, 1833, — at which time his note was to be pay-
able.

The case shows that the depositions of Bliss and Prentiss were

---

* These letters are set out at length in the report of this case in the 13th
Vt. Rep. 106.

Oaks *v.* Weller.

relied upon, to show notice to Weller, together with evidence to show that in the winter of 1832, and at the time when the settlement was made of the Hill debt, as well as afterwards, Taylor was the agent of Weller, in his employ, and managing his business ; and that upon one occasion, when the defendant was called on upon his guaranty, he said he could not pay it *without the advice, or consent, of Taylor.* Bliss, it seems, called at Weller's house in the spring of 1834, as the agent of the plaintiff, to get this business settled, and, not finding him at home, left a letter for him to meet him at another place to settle it; and this letter Weller answers by requesting him to *come and see him and Taylor together.* Prentiss says that in June, 1836, he, at the request of Oaks, called on Weller in Canada to get this claim against him and Taylor settled. Taylor, at that time, was absent from the place ; and, in conversation with Weller in relation to a *settlement* of the matter, Weller *admitted that he executed the guaranty* to Oaks, *said it was not paid,* and that he *could not pay it without further direction from Taylor.* The deponent also adds that there was no denial, or pretence, on the part of Weller, that he had not received the proper notice that Oaks had made the settlement.

The question then returns, not whether there was sufficient evidence to show a notice, within a reasonable time, to Weller of the settlement, but whether there were circumstances to go to a jury tending to show that Taylor might have given him such notice. A presumption has been well defined to be "a probable inference which one's common sense draws from circumstances usually occurring in such cases." Where parents have, upon the marriage of their daughters, furnished them with outfits without any explanation, they have been presumed to be gifts. In *Church* v. *Landers,* 10 Wend. 79, the wife, in the husband's absence, was presumed,—there being no evidence to rebut it,—to have been left an agent for hiring out his horses. In *Green* v. *Merch. Ins. Co.,* 10 Pick. 402, it was presumed that the officers of an Insurance Company were cognizant of the marine intelligence contained in a newspaper taken at their office,—and especially of that relating to their own port. In *Sellen* v. *Norman,* 4 Car. & P. 80, [19 E. C. L. 284] it was held, in a case where a servant by the year had, for a considerable time, left

her service, that the presumption was that her wages had been paid. And, in a note to the same case, an action is referred to, tried before ABBOTT, CH. J., where a workman at a sugar refiner's sued for his wages, and proved that he had worked for the defendant more than two years; and the Judge said he should direct the jury to *presume* that men employed in that way received their pay every Saturday night,—there being no evidence to rebut it,—and the plaintiff became nonsuit. In *Downer* v. *Bowen,* 12 Vt. Rep. 452, proof of the poverty and insolvency of certain judgment debtors, against whom executions had issued, was held admissible, as tending to prove that the executions might have been delivered to the sheriff, for collection, with instructions *not to commit without express directions.*

In this case the evidence is full, that Taylor had ample notice of the settlement of the Hill demand, in season to charge Weller upon his guaranty. Taylor was in the employ of Weller as his hired man, placed in a situation where they might have had frequent conversations about this matter, both having an interest in the result of the propositions made to Oaks; and no reason is shown why Taylor should suppress from Weller any information he might have received relative to it. In such case most men would make it a subject of conversation, and it is exceedingly natural that they should.

In no instance do we find, when the defendant is called upon on his guaranty, that he insists upon not being liable; in no instance does he claim that he was not informed of the settlement in due time; but he resorts to other shifts to gain time. At one time he cannot pay "without the advice, or consent, of Taylor." At another time he wants the plaintiff's agent should "come and see him and Taylor together." At another he says "he signed the guaranty, it is not paid, and he cannot pay it without further directions from Taylor."

We are to presume that Weller knew what were his legal rights under this guaranty, until it was accepted and acted upon by Oaks, and knew that he was entitled to notice of such acceptance in a reasonable time. If Weller had not had the proper notice, how natural it would have been that he should have made this a ground of objection. We cannot say then that there was no evidence tending

to prove notice to Weller. It seems the jury, under the instructions of the Court, must have found the notice to him proved. If the evidence was in any degree competent, *as tending* to prove the notice, though we should think but in a slight degree, there is no ground to complain of error in the court.

The judgment of the County Court is affirmed.