## MOSES W. POWELL

### V.

## THE CHICAGO CARPET COMPANY.

*Sales—Guaranty—Notice of Acceptance—What Sufficient.*

The notice of the acceptance of a guaranty need not be formal nor express. It is sufficient if it comes to the guarantor from the person for whom he is bound.

The case of *Newman* v. *Streator Coal Co.*, 19 Ill. App. 594, *distingu'shed.*

[Opinion filed April 26, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. E. H. & N. E. GARY, for appellant.

Messrs. FLOWER, REMY & GREGORY, for appellee.

MORAN, J.   This action is upon a guaranty in writing in the following terms:   " Chicago Carpet Company:   Let Austin Bryant have what furniture and carpets he wants on thirty, sixty and ninety days, and I will see that the 'bill will be paid when due."   Signed by appellant.

When the guaranty was given, Bryant was in the employ of appellant and told appellant that he was going to housekeeping and wanted to get some furniture and carpets from appellee, and that he could get them if appellant would back him. At the time he gave the guaranty appellant was informed that the amount would be $200 or $300 and a day or two after he gave the guaranty he inquired of Bryant, and Bryant told him that he had got the goods.   The guaranty was given in April and Bryant continued in appellant's employ until September.   The amount now claimed by appellee is $237.08.

This case is clearly distinguishable from Newman v. Streator Coal Co., 19 Ill. App. 594.   There the guaranty was a continuing one; wholly uncertain and unlimited in amount, and growing out of a series of transactions to be continued for an indefinite period of time.

Here a single transaction or purchase of furniture and carpets is contemplated and the terms of the credit, except the specific amount thereof, are stated in the guaranty.   There the plaintiff and defendants were strangers, here they are business neighbors, their respective places of business being very near together.   There it was impossible to infer notice of the plaintiff's acceptance of the guaranty from any proof in the case. Here there is evidence and circumstances from which notice of acceptance may well be inferred.   The notice of the acceptance of the guaranty need not be formal nor express.   It may be implied from the circumstances of the transaction. The principle which underlies the law of guaranty is that this contract, like every other, must be known to the parties.   If the party sought to be charged is made aware of the accept-

ance of the guaranty, by any one, he is placed in a position to protect himself, if he considers there is danger of a loss, and the chief reason why he should have notice is, that he may govern his conduct toward the person for whom he has become bound so as to indemnify himself.

It is sufficient if notice of the acceptance of the guaranty comes from the person for whom the guarantor is bound. Oaks v. Weller, 16 Vt. 63; Woodstock Bank v. Downer, 27 Vt. 539. In Noyes & Co. v. Nichols, 28 Vt. 159, it is said: " We apprehend that the defendant had all the notice of the advancements made upon this guaranty which the law can require.  He knew the plaintiffs were furnishing goods to the principal from time to time and had a general knowledge of about the amount of goods furnished.  The object of the notice is to secure to the guarantor his rights and means of protecting himself, and if he knew about the amount it was enough to put him on inquiry, if he wished to know the precise amount, and it was all that was necessary for the security of the guarantor and sufficient to enable him to act understand-ingly as it respected his principal." Here the guaranty is absolute in form and appellant knew within a day or two after the purchase that the condition under which he had agreed to become liable had been performed.  He knew the goods, which Bryant told him he could obtain on his guaranty, had been obtained.  If he desired further details he had but to inquire of the person whose security he had become.  Case & Co. v. Howard, 41 Iowa, 479.

The evidence shows that appellees diligently sought to collect the bill from the principal as it became due, and it tended to show that appellant had notice that the bill was not being paid by Bryant some time before he left the employ of appellant.  There is no evidence to support the contention that the time of payment was at all extended.  We find no error in the giving, refusing or modifying instructions, and the judgment of the Superior Court must therefore be affirmed.

*Judgment affirmed.*