Filed Feb. 18, 1892.

---

No. 454.

## WEBSTER v. SMITH.

CONTRACT. — *Action upon Instrument.— Agreeing to Become Surety.— Complaint.—Parties.—*In an action upon the following writing : " Mr. C. C. Smith : Sir—If it is agreeable with you, let Joshua Hill have one wagon on time, and I will go on note with him as surety. Yours, etc., S. P. Webster,"—the complaint alleging the delivery of the wagon to Hill solely on the credit of Webster, and the execution of a note by H., and the refusal of W. to sign the same as surety, and the insolvency of H.,—it was proper to describe the note in the complaint, but it was not necessary to set out a copy of the same, as it was not the foundation of the action.. It was not necessary to make H. a party to the action, as W. could not be entitled to have H. sued with him without becoming a joint maker of the note with him.

SAME.—*Promise of Suretyship.—Notice of Acceptance.—Formal Demand.—*If

W. was not bound to take notice that his promise had been accepted, he became bound immediately upon the receipt of the notice, as alleged in the complaint, to sign the note as surety, and he was so bound continuously thereafter. It was not necessary to aver in the complaint that a formal demand had been made by the plaintiff.

SAME.—*Promise of Suretyship.—Scope of.— What does not Release Promisor.*— The fact that the note of H. showed that the sale of the wagon to him was a conditional sale, the ownership to remain in the plaintiff until payment, would not release W. from his promise. He did not, as he might have done, prescribe the form of the note, and must be regarded as having left the making of it and its form to H. and the plaintiff, and as having relied on H. for information concerning the same. Having made the terms of his promise general, he must be regarded as consenting to whatever they covered upon a reasonable construction. The conditional sale was within the scope of his agreement.

SAME.—*Proceeding Against.—Party Agreeing to Become Surety.—Other Remedies Need not be Exhausted.*—The failure of the plaintiff to take possession of the wagon would not bar his action against the defendant. He was not obliged to exhaust any other security before proceeding against him.

From the Vigo Circuit Court.

*J. T. Scott* and *G. A. Scott*, for appellant.

*B. E. Rhoads* and *E. F. Williams*, for appellee.

BLACK, J.—The appellee sued the appellant, who demurred to the complaint, the causes of demurrer stated being that the complaint did not state facts sufficient to constitute a cause of action, and that there was defect of parties defendant in this, that Joshua Hill should have been made a defendant. The demurrer was overruled.

The complaint alleged, in substance, that on the 1st of April, 1887, Joshua Hill wished to purchase a wagon of the appellee on an extension of time for one year, the agreed price being sixty dollars; that the appellee refused to sell and deliver the wagon to said Hill unless he would execute a note to the appellant for sixty dollars, due in one year from date, with good security thereon, said wagon having been selected at that time by said Hill as the wagon he wished to purchase; that said Hill then and there agreed that he would furnish good and sufficient security, and it was agreed that

when he did so the sale of the wagon should be complete, and it should be delivered to him; that said Hill then departed from the appellee to obtain such security; that he went to the appellant and told him that he, said Hill, had bargained with the appellee for a wagon on a credit of one year at the price of sixty dollars, but that the appellee would not close the bargain and deliver the wagon to said Hill unless he would secure the debt by giving his note due in one year from date for sixty dollars, with good security thereon, and he asked the appellant to become surety for him, said Hill, on said note; that the appellant agreed to do so, and, under the style of S. P. Webster, thereupon entered into writing to that effect, as follows:

" *Mr. C. C. Smith:*

" Sir—If it is agreeable with you, let Joshua Hill have one wagon on time, and I will go on note with him as surety.

Yours, etc.,            S. P. Webster.

"April 4th, 1887."

It was further alleged that said Hill delivered said writing to the appellee, who accepted the same and at once delivered said wagon to said Hill, solely on the credit of the appellant; that at the time of completing said bargain and delivering said wagon to said Hill, April 9th, 1887, said Hill executed to the appellee said Hill's note for sixty dollars, due one year thereafter, and the appellant, the next day, was notified that the appellee had accepted the appellant's written undertaking, and had completed the sale of said wagon to Hill at the price of sixty dollars, on a year's credit, and that the wagon had been delivered to said Hill, and that he had executed to the appellee his, said Hill's, note for sixty dollars, dated the 9th of April, 1887, due in one year, and that the appellee wished and expected the appellant to come to the city (meaning Terre Haute) and execute said note as surety for said Hill, and that Hill obtained possession of said wagon on the credit of the appellant. It was further alleged that the appellant, although so notified,

wholly omitted, neglected and failed to sign said note or any note for said wagon, and that he still neglected and refused to do so; that said Hill was insolvent at the time the wagon was bargained to him by the appellee, had been insolvent continuously ever since, and still remained insolvent; that said wagon was sold and delivered by the appellee to said Hill solely on the credit of the appellant; that it had not been paid for, nor had any part of the purchase-price been paid; and that said debt for said wagon had been past due more than a year. Wherefore, etc.

Counsel for appellant in argument contend that the complaint was insufficient for failure to set out in full the contract between the appellee and Hill, the note given by the latter to the former; also, for failure to state the kind of notice given to the appellant, or the manner of the notice; also, because it was not alleged that the appellee demanded of the appellant that he sign a note with Hill, as surety.

Under the second ground of demurrer it is contended that there was a defect of parties defendant, for the reason that Hill should have been made a defendant, in order that if any judgment should be rendered against the appellant, it could be shown therein that he was a surety for Hill, so that he might be subrogated to the rights of the appellee.

The note made by Hill was not the foundation of the action. The appellee, in compliance with the appellant's request and in reliance upon his promise, had sold a wagon on time to an insolvent person, who had not paid his note given therefor. The promise of the appellant was to go on the note with the purchaser of the wagon, as his surety, upon the consideration that the appellee would let the purchaser have the wagon on time. The complaint showed the performance of the condition and described the note given by the purchaser sufficiently to identify it as the note on which the appellant agreed to go as surety, and sufficiently to show the amount in which the appellee had been damaged. It was not necessary to set out a copy of the note as in an ac-

tion upon it. It was proper to describe it. The complaint did describe it. If the description was regarded as not sufficiently full and definite, the appellant should have moved to make it so.

The writing signed by the appellant, which is set out in the complaint, suggests intricate and disputed questions relating to suretyship and guaranty, discussion of which is not necessary for the decision of this case.

If notice of acceptance, as in the case of an offer of guaranty, was necessary in order to bind the appellant, it is sufficient to say that such notice need not be given by the guarantee himself, if it be not so stipulated. It is sufficient if it be given to the guarantor by the person for whose default he has offered to become responsible, or if the guarantor receive information of the acceptance from any source. *Reynolds* v. *Douglass*, 12 Pet. 497; *Oaks* v. *Weller*, 16 Vt. 63; *Noyes Co.* v. *Nichols*, 28 Vt. 159; *Powell* v. *Chicago Carpet Co.*, 22 Ill. App. 409; *Central Savings Bank* v. *Shine*, 48 Mo. 456.

If the appellant was not bound to take notice that his promise had been accepted, the complaint sufficiently showed that he was notified.

"The rule in respect to demand rests upon the same principle with that in respect to notice. It may be requisite, either from the stipulations of the parties or from the peculiar nature of the contract; but where not so requisite, he who has promised to do anything must perform his promise in the prescribed time and in the prescribed way; or if none be prescribed, in a reasonable time and a reasonable way, without waiting to be called upon." 2 Pars. Contr. 671.

"When, on the one side, every step which the contract requires on that side before something is done on the other has been taken, the party on the other side breaks it if he simply neglects to take his step, though no demand on him is made." Bishop Contr., section 698.

The thing to be done by the appellant was certain. The specific performance thereof was not necessary for the protection of the appellee. In the appellant's written promise it was indicated that Hill was to give a note. It was proper for the appellee to take the note at the time of the delivery of the wagon, and he did so. It was proper for him to retain the note in his possession. The appellant was notified the next day that his promise had been accepted, and that in reliance thereon the appellee had sold and delivered the wagon at the price and upon the credit stated by Hill to the appellant when the latter's promise was sent to the appellee. The appellant was notified also of the giving of the note, and that the appellee wished and expected him to come and execute it as surety.

If not liable without such notice, the appellant immediately upon receipt of the notice became bound to sign the note as surety, and he was so bound continuously thereafter. He knew that the time for him to sign had arrived. He knew that, in accordance with his implied direction, the note was in the appellee's possession. He knew exactly what he was bound to do and when and where it was to be done, and that the appellee wished and expected him to do it. We think the complaint was not insufficient because of the want of an allegation of a formal demand by the appellee.

The appellant could not be entitled to have Hill sued with him by the appellee without becoming a joint maker of the note with Hill. *Williams* v. *State, ex rel.*, 87 Ind. 527.

The appellant answered by general denial. There was a second paragraph of answer, which was struck out on motion. This action of the court is assigned as error. The paragraph struck out was not brought back into the record by bill of exceptions or order of court. Therefore, we can not further notice this ruling. *State, ex rel.*, v. *Krug*, 82 Ind. 58; *McDonald* v. *Geisendorff*, 128 Ind. 153.

In argument under an assignment relating to the overrul-

ing of a motion for a new trial, counsel for appellant place stress upon the fact that the note of Joshua Hill showed that the sale of the wagon to him was a conditional sale, the ownership to remain in the appellee until payment. This fact did not release the appellant from his promise. He did not prescribe the form of the note. Hill informed the appellant of the acceptance of his written proposition and of the delivery of the wagon and of the execution of the note. It was the appellant's duty to go at once and sign the note. If he had gone for such a purpose, and had then raised an objection of this nature, some other form of note might have been substituted by agreement. He must be regarded as having left the making of the note and its form to Hill and the appellee, and as having relied on Hill for information concerning the note.

It is true that the appellant could not be held liable beyond the terms of his contract. But, having made those terms very general, he must be regarded as consenting to whatever they covered upon a reasonable construction. The conditional sale was a sale on credit. By it the appellee let Hill have the wagon on time. It was within the scope of appellant's agreement. *Noyes Co.* v. *Nichols, supra; Case* v. *Howard,* 41 Iowa, 479.

The appellee was not restricted from securing himself otherwise in addition to the appellant's undertaking. Nor was he obliged to exhaust any other security before proceeding against the appellant. It is not true, as seems to be supposed by counsel, that the failure of the appellee to take possession of the wagon should bar his action against the appellant.

Other questions argued are sufficiently disposed of in what has been said.

The judgment is affirmed.

Filed Feb. 18, 1892.