CASE 30—PETITION ORDINARY—NOVEMBER 11.

:102  169
|119  703,

## Ford, Eaton & Co. v. Harris, Etc.

APPEAL FROM FLOYD CIRCUIT COURT.

1. GUARANTY—ACCEPTANCE—NOTICE.—Notice to the guarantors of the acceptance of the guaranty, or that goods have been sold thereon, is necessary to charge the guarantors; but a notice in writing is not necessary, it being sufficient if they have knowledge thereof within a reasonable time after the sale of the goods.
2. WAIVER.—Where the petition fails to allege notice of the acceptance of the guaranty, the defect was cured by the waiver of a general demurrer to the petition, the issue having been made in subsequent pleadings.
3. CONSTRUCTION OF GUARANTY.—Where under the terms of the guaranty the guarantors agreed to make themselves unconditionally liable for as much as a certain sum for goods sold to the person named in the guaranty on a running account, their liability was not lessened or affected by sales and payments in excess of that amount.

F. A. HOPKINS FOR APPELLANTS.

1. The writing was not a proposition to guaranty which would have required notice of acceptance, but was an actual guaranty and required no notice. Brandt on Suretyships and Guarantees, 2d ed. vol. 1, pages 289-90.
2. But if the notice was necessary, the evidence shows that the guarantors knew that credit had been extended to Osborn on the guaranty, and knowing this it was their duty to protect them-

selves, or to have notified appellants that they would no longer be held responsible under the guaranty as they reserved the right to do in the writing. Brandt on Suretyship and Guaranty, 2d ed., vol. 1, page 310; Thompson v. Glover, 78 Ky., 195; Lowe v. Beckwith, 14 B. M., 184; Daniels on Negotiable Instruments, 4 ed. vol. 2, pages 802, 811, 812, 813 and 816; Reynolds v. Douglas, 12 Peters, 523; Louisville Mfg. Co. v. Welch, 10 Haw., 476; Sigourney v. Wetherell, 6 Met., 563.

JAMES GOBLE, FOR APPELLEES.

1. A future indebtedness was contemplated by Osborn when he obtained the guaranty to enable him to get credit, and when the guarantors signed it they did not know whether it would be accepted or not, and no contract was consummated, or liability incurred by them at that time; therefore in order to hold them liable it was the duty of the appellants to give them notice within a reasonable time of the acceptance of the terms of the guaranty, and that the credit was extended on the faith thereof, and the amount of the credit so given. Kincheloe v. Holmes, 7 B. M., 6; Bell v. Keller, 13 B. M., 383; Baylies on Guarantees and Suretyship, pages 194, 195 and 307; Parsons on Contracts, 5 ed. vol. 2, 13; Wardlaw v. Harrison, 11 Rich. (S. C.) 626; Montgomery v. Kelly, 43 Miss., 486; Brandt on Suretyship and Guaranty, 2d Ed. vol. 1, sec. 186.

2. The letter of appellants written more than two years after the dealings between them and Osborn had begun, if it can be considered a notice, was not given in a reasonable time so as to enable appellants to protect themselves. Lee v. Dick, 10th Peters, 482.

3. Appellants having sold to Osborn goods to the amount of many times the amount guaranteed, and Osborn having made many payments thereon, the guarantors have the right to have the payments applied first to the amount they have guaranteed. Baylies, page 307.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In the fall of 1887 appellees executed to appellants, doing business as wholesale merchants in Cincinnati, O., under the firm name of Ford, Eaton & Co., this writing:

Prestonburg, Ky., 1887.

"Ford, Eaton & Co.—We hereby guarantee the payment of any bill that J. M. Osborn may purchase from you within

ninety days from date of purchase, to the extent of $200. This guaranty is intended to cover a running account, and is to be binding upon us until we notify you to the contrary in writing.                    "JAMES P. HARRIS,

                                "ABRAHAM WINMAN."

November 27, 1887, Osborn delivered the guaranty to, and thereupon purchased on credit from, said firm merchandise amounting to $217.61, which was shipped to the town of Goodloe, Ky., where he then commenced business as retail merchant and continued until September 17, 1889.

During that period he had a running account with the firm, purchasing goods aggregating $2,047.47, though it was by payments made from time to time reduced to $342.24. But having failed when he quit the business to discharge that balance, appellants in due time sued and recovered against Osborn judgment therefor upon which an execution was issued and returned wholly unsatisfied.

Now this is an action by them to recover of appellees on their guaranty $200 and interest, which they defend upon two main grounds: "First, that no notice was given them of acceptance by appellants of the guaranty and sale of the goods to Osborn upon faith of it; second, that sale of goods and receipt of payment therefor in excess of the amount guaranteed by appellants discharged appellees of all liability.

In Jones v. Beckwith, 14 B. M., 184, where recovery was sought upon a guaranty similar to this, it was held that "notice to the guarantor of its acceptance and an intention to act under it in pursuance of its terms is necessary, because it is in the nature of a proposition which the party ad-

dressed may accept or reject at his option, and until accept-ance does not constitute a contract between the parties." And such is the well-settled rule of this court.

Accordingly, in order to render appellees liable on the guar-anty in question, notice must have been given or brought to them in a reasonable time after sale of goods to Osborn, or after opening of the running account with him, that appel-lants had accepted and given credit to him on faith of that guaranty. Consequently, as the petition in this case did not contain a distinct averment of such notice, there was really no cause of action stated in it. But inasmuch as general demurrer to the petition was waived and an issue as to the required notice was made in subsequent pleadings, the ques-tion is now properly before us for determination.

As held in Kincheloe v. Holmes, 7 B. M., 5, "the object or end of the requisition of notice is that the guarantor may know that he is bound, and to whom, in order that he may be enabled to take such measures for his own safety as cir-cumstances may require."

The present guaranty is not indefinite in respect to the per-son authorized to give credit to Osborn, nor extent of such credit, but only as to continuance of the guaranty, which appellees might have terminated at their pleasure. There-fore, when appellants opened the running account with and sold the first bill of goods to Osborn upon faith of the guar-anty, as the evidence satisfactorily shows they did, a con-tract, founded upon sufficient consideration, existed, subject, however, to be enforced only upon condition of notice of the fact to appellees in a reasonable time thereafter. It does not appear appellants gave formal notice in writing of their

Ford, Eaton & Co. v. Harris, etc.

acceptance which was indicated by sale of goods to Osborn. Nor has it been yet distinctly held by this court to be indispensable such notice should be in writing, or that any be given if the guarantors otherwise acquire and have in a reasonable time actual knowledge of the fact. Certainly, as intimated in Kincheloe v. Holmes, the same strictness is not required as in giving notice of a protest, or as to any particular matter when the character of notice and manner of serving it is regulated by statute.

It seems to us if the guarantors in this case had been present when the goods were sold, and in that way acquired knowledge, the guaranty was accepted, the purpose of notice would have been fully accomplished and their liability fixed, without any further or formal notice in writing. If so, then there is no reason for permitting them to avoid liability, if it be clearly and fully shown they otherwise acquired and had knowledge of the fact in a reasonable time. That they did know the guaranty had been accepted and the goods sold on faith of it the evidence in this case puts beyond question.

Osborn was not only insolvent, but under full age when he applied to the salesman of appellants in Prestonburg to sell him goods on credit, and by him told he could not get the goods without a written guaranty, the form of which was given to him to get signed by responsible parties. It was returned signed by appellees, and soon afterward the goods were purchased, and Osborn commenced business as retail erchant at Goodloe, in a store house leased from appellee Harris. We are convinced that both Harris and Winman, who was a kinsman of Osborn, well knew the goods had been sold upon faith of the guaranty, and it would be simply aid-

ing deception to permit them to escape liability upon the sole ground of want of written notice of what they already knew.

By terms of the guaranty appellees made themselves liable unconditionally for as much as $200 worth of goods sold, and that liability was not lessened or at all affected by sales and payments in excess of that amount. In our opinion, as the record stands, appellants are entitled to recover the amount sued for and interest.

The judgment is, therefore, reversed and case remanded for a new trial consistent with this opinion.

---

*CASE 31—PETITIONS ORDINARY—MARCH 24, 1897.