## JOHNSON v. SHAW.
### No. 7509.

Court of Civil Appeals of Texas. Austin.
Sept. 17, 1930.

Rehearing Denied Oct. 8, 1930.

R. G. Hughes and Alton C. Allen, both of San Angelo, for appellant.

J. A. Thomas, Lloyd Kerr, and Louis D. Gayer, all of San Angelo, for appellee.

BLAIR, J.

Appellant sued appellee in trespass to try title to recover block 8 in Heckert's addition to the city of San Angelo, and has appealed from a judgment awarding the land to appellee.

C. W. Heckert was common source of title. He died in 1918, and his estate was administered upon and the administration closed. Thereafter, in 1928, certain of his creditors whose claims had been approved by the administrator and the probate court, but not paid because of insufficient property or funds, brought suit to establish their debts and to establish an alleged lien arising by virtue of article 3314, Rev. St. 1925, and to subject the property in suit and other property to the payment of such debts, alleging that said property had been overlooked and not included in the administration of Heckert's estate. Judgment was rendered as prayed, and a commissioner was appointed by the court to sell the property at private sale. Appellant purchased the land from the commissioner, who executed him a deed under order of the court May 23, 1929. Appellee was awarded the land under plea of title thereto by virtue of an unrecorded deed from C. W. Heckert to himself, which the jury found was executed and delivered some 18 or 20 years before the creditor under whom appellant deraigned title established his lien against the land.

The evidence is undisputed that the creditor and the commissioner appointed by the court to sell the property knew of appellee's claim of title to the land at the time the alleged statutory lien was established against it, and the sole question presented is whether the evidence, as a matter of law, clearly and satisfactorily established the execution and delivery of the lost deed under which appellee claimed title to the land. Appellant contends that same was vague, indefinite, and uncertain. Appellee testified on direct examination that Heckert did execute and deliver him a deed to the land some 18 or 20 years ago. On cross-examination and on a former trial he seemed confused as to whether it was a contract for the land or a deed. This confusion was, of course, a matter affecting his credibility, and was therefore a question for the jury. Appellee testified that he paid for and had been in possession of and using the land

since he purchased it 18 or 20 years before this suit was filed or the lien established; and that he had paid the taxes on it. His son corroborated the testimony as to possession and use of the land; and we see no reason for disturbing the jury's finding on the issue.

The judgment of the trial court will be affirmed.

Affirmed.