AMERICAN SURETY CO. v. WHITEHEAD
et al.

No. 1306—5804.

Commission of Appeals of Texas, Section B.
Jan. 27, 1932.

Thompson & Barwise and Hugh B. Smith, all of Fort Worth, for plaintiff in error.

J. E. Whitehead, of Dallas, and Vern D. Adamson, of Marshall, for defendants in error.

**LEDDY, J.**

On June 24, 1920, the Osage Oil & Refining Company, a corporation, acting through its president, J. E. Whitehead, and J. E. Whitehead individually, executed and delivered to the plaintiff in error, the American Surety Company of New York, a general indemnity agreement. The provisions of this agreement, in so far as they materially affect the rights of the parties in this case, are:

"Whereas, the undersigned (hereinafter called the 'Indemnitor') have heretofore required and may hereafter require suretyship upon certain obligations of suretyship on behalf of the undersigned, or of some of them, or of some other person or corporation, and have applied and may' hereafter apply to the American Surety Company of New York (hereinafter called the 'Surety') to execute such instruments, as Surety. Therefore, the undersigned do hereby, jointly and severally, undertake and agree:

"Second: That the Indemnitor will perform all the conditions of each said bond, and any and all renewals and extensions thereof, and will at all times indemnify and save the Surety harmless from and against every claim, demand, liability, cost, charge, counsel fee (including fees for special counsel whenever by the Surety deemed necessary), expense, suit, order, judgment and adjudication whatsoever, and will place the Surety in funds to meet the same before it shall be required to make payment, and in case the Indemnitor requests the Surety to join in the prosecution or defense of any legal proceeding, the Indemnitor will, on demand of the Surety, place it in funds sufficient to defray all expenses and all judgments that may be rendered therein. The Indemnitor will not ask or require the Surety to remove or join in any application for the removal of any proceeding from a State court to a federal court in any state where such action would in any way affect the Surety's right to transact business.

"Seventh: That the voucher or other evidence of any payment made by the surety by reason of such suretyship, or renewal or extension thereof shall be prima facie evidence of such payment and the propriety thereof, and of the liability of the Indemnitor therefor to the Surety."

The Osage Oil & Refining Company instituted a suit in one of the federal courts in the state of New York against W. R. Chandler et al. (C. C. A.) 287 F. 848, in which it sought to and did obtain a temporary injunction restraining the defendants from disposing of certain corporate stock held by them. The American Surety Company, at the request of the Osage Oil & Refining Company, signed as surety the injunction bond required in said cause. In the federal court judgment was subsequently rendered in favor of Chandler and against the Osage Oil & Refining Company, and the plaintiff in error as surety on the injunction bond. This judgment was discharged by the said surety paying on the 27th of February, 1923, the sum of $2,483.16.

The surety company brought this suit to recover from the defendants in error upon said indemnity agreement the amount it had been required to pay as surety on said injunction bond, together with interest and reasonable attorney's fee.

The defendant in error Whitehead pleaded, among other defenses, that the indemnity agreement relied upon by plaintiff in error was conditionally delivered upon the express stipulation that it covered only fidelity bonds executed by plaintiff in error for stock salesmen' of the Osage Oil & Refining Company in the state of North Carolina, and that no other bonds or surety applications were to be furnished thereunder; that it was expressly agreed that he was not to be held liable under said indemnity agreement for any other bonds except the salesmen's bonds, and that with the execution of said salesmen's bonds the arrangement with the surety company terminated and became a closed transaction.

Upon the trial, the court submitted the following special issues to the jury:

"No. 1. Do you find and believe from a preponderance of the evidence, that it was contemplated by any agent of the plaintiff herein, the American Surety Company of New York, at the time of the signing of the injunction bond, on to wit: July 9, 1920,

which was filed in the case of Osage Oil & Refining Company v. W. R. Chandler, and others, in the United States District Court for the Southern District of New York, that the plaintiff, American Surety Company of New York, should be protected by the defendant J. E. Whitehead, individually, on the indemnity contract in question, dated June 24, 1920?

"No. 2. Do you find and believe from a preponderance of the evidence, that it was contemplated by the defendant, J. E. Whitehead, at the time the injunction bond referred to in Special Issue No. 1 was filed, that the plaintiff, American Surety Company, New York, should be protected by the said defendant J. E. Whitehead, individually, on the indemnity contract in question in this suit, dated June 24, 1920?

"No. 3. Do you find and believe from a preponderance of the evidence, that the plaintiff, American Surety Company of New York, ever notified the defendant, J. E. Whitehead, that it looked to him under said indemnity contract in question herein, dated towit: June 24, 1920, on the injunction bond referred to in Special Issue No. 1, dated July 9, 1920, filed in the case of Osage Oil & Refining Company v. W. R. Chandler, et al.?

"No. 4. Do you find and believe from a preponderance of the evidence, that the defendant, J. E. Whitehead, knew that the plaintiff, American Surety Company of New York, was looking to him, if you find and believe that it was looking to him, under said indemnity contract, dated June 24, 1920, on the injunction bond filed in the case of Osage Oil & Refining Company v. W. R. Chandler, et al.?

"No. 5. From the preponderance of the evidence before you, what sum of money, if any, do you find and believe will be a reasonable attorneys fee for the plaintiff herein, the American Surety Company of New York, for the filing and prosecution of this law suit in question?"

Issue No. 2, requested by plaintiff in error:

"No. 2. Has there been any material alteration in the contract of indemnity dated June 24, 1920, since its execution and delivery to the plaintiff?"

The jury answered issues Nos. 1 and 4 in the affirmative, Nos. 2 and 3 in the negative, No. 5, $350, and No. 2, requested by defendant in error, in the negative.

Plaintiff in error and the defendant in error Whitehead each moved for judgment upon the findings of the jury. The trial court sustained plaintiff in error's motion as to the Osage Oil & Refining Company, for whom no answer had been filed, and rendered judgment in favor of plaintiff in error against the said company for the amount prayed for, but overruled the motion for judgment against Whitehead, and rendered judgment that plaintiff in error take nothing as to said defendant.

Plaintiff in error duly perfected its appeal to the Court of Civil Appeals, where the judgment of the trial court was affirmed.

The term of court at which the judgment was rendered in this cause terminated on March 3, 1929. Judgment was rendered on February 9th. Plaintiff in error's original motion for a new trial was filed on February 14th, and on February 26th the court by order passed a hearing on same for thirty days. Under leave of the court, an amended motion was filed on March 14th. On March 26th a hearing on this motion was again postponed by order of the court for 30 days, such motion being finally overruled on April 26th.

■■ Defendant in error asserts that the Court of Civil Appeals acquired no jurisdiction of this case because neither the original nor amended motion for new trial was presented within thirty days nor acted upon by the court within forty-five days after filing.

We overrule this contention. The original motion for new trial was filed within the time permitted by the terms of the procedural act applicable to the district courts of Dallas county. Subdivision 29, art. 2092, R. S. 1925. The provisions of this act, with reference to the time in which amended motions for new trial may be filed and acted upon by the court, have been held by our Supreme Court to be merely directory, the trial court having authority to consider such motions, though not filed or heard within the time provided in said act. Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355; Diamond Ice & Cold Storage Co. v. Strube, 115 Tex. 515, 284 S. W. 935.

■ The defensive issue pleaded by Whitehead, that the indemnity agreement under which plaintiff in error sought a judgment against him was conditionally delivered, was not submitted to the jury, nor was any request made for the submission of such issue. The honorable Court of Civil Appeals concluded that the judgment of the trial court should be affirmed, holding that the undisputed evidence showed that the indemnity agreement was conditionally delivered, and therefore the trial court, under article 2190, R. S. 1925, would be presumed to have found such issue in such manner as to support its judgment.

We are unable to agree with the assumption made by the Court of Civil Appeals that, in the state of the evidence, there was no issue raised as to the indemnity agreement being conditionally delivered. In the first place, the testimony upon this issue is solely that of Whitehead, who is a party to this suit, and therefore interested in the result thereof. It is the general rule that testimony of an interested party to a suit, though not contra-

dicted by any other witness, does no more than raise an issue for the determination of the jury. Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447; Houston E. & W. T. Ry. Co. v. Runnels, 92 Tex. 305, 47 S. W. 971; Stone v. City of Wylie (Tex. Com. App.) 34 S.W.(2d) 842.

There are a number of decisions in this state, however, which seem to graft an exception upon this rule to the effect that, where .the testimony of a party to a suit is not controverted by any other witness, or attendant circumstances, and the same is clear, direct, and positive, free from contradictions, inconsistencies, and circumstances tending to cast suspicion upon it, the court may direct a verdict thereon. Felts v. Bell County, 103 Tex. 616, 132 S. W. 123; Golden v. First State Bank (Tex. Civ. App.) 38 S.W.(2d) 628; Luling Oil & Gas Co. v. Edwards (Tex. Civ. App.) 32 S.W.(2d) 921; Johnson .v. Shaw (Tex. Civ. App.) 32 S.W.(2d) 254; Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276.

This case, however, does not fall within the above-described exception to the rule. The terms of the indemnity agreement might properly be considered by the jury as a circumstance contradicting the testimony of Whitehead that such agreement was intended to apply only to stock salesmen's bonds executed by the surety company. The indemnity agreement was general in its terms and covered all surety bonds which the surety company might thereafter be required to execute at the request of the indemnitors. The fact that the parties to this agreement did not by express terms limit its operation to stock salesmen's bonds was of itself a circumstance to which the jury was entitled to give weight, if it saw fit to do so, in passing upon the issue presented by Whitehead's testimony that the indemnity agreement was delivered with the understanding that its operation would be more limited than the terms of the instrument authorized.

■■ The issue of conditional delivery of the indemnity agreement was clearly a disputed one. Under the construction given article 2190, R. S. 1925, by our Supreme Court in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and many cases subsequently decided, an appellate court is not authorized to presume, in support of a trial court's judgment, that a controverted issue of fact has been found in such manner as to support the judgment, where such issue of fact constitutes a complete and independent cause of action or ground of defense. The issue of conditional delivery, if established, constituted a complete ground of defense. Therefore, it must be deemed to have been waived when it was neither submitted nor request made for its submission to the jury. Ormsby v. Ratcliffe, supra.

Defendant in error Whitehead asserts that,

independent of the issue as to conditional delivery, he was entitled to a judgment upon the findings of the jury. The basis of his contention in this regard is that the agreement relied upon by plaintiff in error was not one of indemnity, but of guaranty, and that he could not be held liable thereon in the absence of a finding that he had been given notice of acceptance by the surety company.

■ Assuming, without deciding, that the contract was one of guaranty, which required notice to Whitehead of acceptance by the surety company as a condition precedent to rendering him liable thereon, still we think notice of acceptance of the guaranty by the surety company was not required. For under the finding of the jury in answer to special issue No. 4, Whitehead knew that the surety company was looking to him for reimbursement under the indemnity contract for whatever liability it might sustain by reason of the execution of the injunction bond signed by it in the case of Osage Oil & Refining Co. v. Chandler et al.

■ It is uniformly held that it is unnecessary to give formal notice of acceptance of a guaranty if the same has been acted upon and the guarantor receives information of such action. The guarantor is not in position to claim that he has not been notified of the acceptance of his guaranty when he is otherwise cognizant of the fact. Friedman v. Peters, 18 Tex. Civ. App. 11, 44 S. W. 572; Train v. Jones, 11 Vt. 444; Ford v. Harris, 102 Ky. 169, 43 S. W. 199; Webster v. Smith, 4 Ind. App. 44, 30 N. E. 139; Bascom v. Smith, 164 Mass. 61, 41 N. E. 130; Nelson Mfg. Co. v. Shreve, 94 Mo. App. 518, 68 S. W. 376; Powell v. Chicago Carpet Co., 22 Ill. App. 409.

■ It appears that both sides moved for a verdict upon the findings of the jury. This was an affirmation by both parties that the findings of the jury were sustained by the evidence, and such findings, in so far as they were material, became binding and conclusive upon the parties. Whitehead v. Reiger (Tex. Com. App.) 6 S.W.(2d) 745; Fire Ass'n v. Moss (Tex. Civ. App.) 272 S. W. 555; Myers v. Texas Land & Development Co. (Tex. Civ. App.) 282 S. W. 919; Blackwell v. Vaughn (Tex. Civ. App.) 176 S. W. 912; Kendrick v. Polk (Tex. Civ. App.) 225 S. W. 826; Meyer v. Viereck (Tex. Civ. App.) 286 S. W. 894, 895.

The findings of the jury under the special issues submitted did not warrant the judgment in favor of Whitehead against the surety company.

We therefore recommend that the judgment of the Court of Civil Appeals affirming the judgment of the trial court as to the Osage Oil & Refining Company be affirmed; otherwise its judgment and that of the trial court are both reversed, and the cause remanded for another trial.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both in part affirmed, and in part both reversed and remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.