## HARRISBURG PIPE & PIPE BENDING CO. v. WIGGINS. (No. 8738.)

(Court of Civil Appeals of Texas. Galveston. Feb. 25, 1926.)

Appeal and error ⊜⇒351(2)—Court of Civil Appeals has no jurisdiction of appeal, where motion for new trial, though timely filed, was not determined within time prescribed (Acts 38th Leg. [1923] c. 105, § 1, subd. 14).

Court of Civil Appeals has no jurisdiction of appeal, where motion for new trial, though filed within time prescribed by Acts 38th Leg. (1923) c. 105, § 1, subd. 14, was not determined within the 45 days prescribed by such statute.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action between the Harrisburg Pipe & Pipe Bending Company and Charles Wiggins. From the judgment rendered, the Company appeals. Appeal dismissed.

W. F. Tarver, of Houston, for appellant.

Johnson & Gilmore, of Houston, for appellee.

GRAVES, J. After this cause was taken on submission, the attention of this court has been called to the fact that final judgment was entered in the case in the district court of Harris county on July 3, 1924; that the motion for new trial therein was filed July 11, 1924, but not determined by the trial court until October 6, 1924, when the same was overruled.

It was further made to appear that neither the parties to the suit nor their counsel made or filed among the papers of the cause any written agreement that the decision of the motion made be postponed to a later date

than that fixed by law; in fact, no agreement of any character that the decision of the motion be postponed was made.

In these circumstances, the appellee cites that portion of subdivision 14 of section 1, chapter 105, of the General Laws of the 38th Legislature, which governs practice in the district courts of Harris county as follows:

"All motions and amended motions for new trials shall be presented within thirty days after the original motion or amended motion for new trial is filed and shall be determined within not exceeding forty-five days after the original motion or amended motion is filed, unless by written agreement of the parties filed in the case the decision of the motion is postponed to a later date."

He then objects to this court's consideration of the appeal on the ground that it was never perfected as required by the quoted statute, citing the case of Phil H. Pierce Co. v. Watkins, 263 S. W. 906, 114 Tex. 156, by the Supreme Court, construing provisions of the same act, in which it was said:

"As no motion for a new trial was filed within the time prescribed by chapter 105, and 30 days having expired before the court vacated and set aside the judgment, the judgment was final under the provisions of chapter 105."

That decision seems to hold that the act is mandatory in reference to the time in which the motion for a new trial must be filed, and by parity of reasoning it seems to be likewise so with reference to the time within which the motion must be acted upon. As this motion was not determined within the 45 days prescribed, the appeal was not perfected, and this court therefore has no jurisdiction.

The appeal is dismissed.

Dismissed.