RIGGS' ESTATE *v.* WAYNE CIRCUIT JUDGE.

1. EXCEPTIONS, BILL OF—JURISDICTION OF COURT TO GRANT EXTENSION OF TIME.

Where the usual 20-day extension of time in which to settle a bill of exceptions was allowed, and on stipulation and order an extension was properly granted, which has expired, the court has jurisdiction, under Circuit Court Rule No. 66, to grant a further extension of time, on good cause shown, even if the first extension has overrun 30 days.[1]

2. SAME.

To secure the first extension of time in which to settle a bill of exceptions application must be made within the first allowance of 20 days, but after the first extension further extensions are within the discretion of the court upon a proper showing of good cause by affidavit, under Circuit Court Rule No. 66.[2]

Mandamus by the estate of Abigail Z. Riggs, deceased, to compel Alfred J. Murphy, circuit judge of Wayne county, to vacate an order denying a motion to settle a bill of exceptions. Submitted December 2, 1924. (Calendar No. 31,578.) Writ granted December 31, 1924.

*James R. Walsh* (*Floyd W. Cone*, of counsel), for plaintiff.

*Frank J. Riggs* (*Ben M. Johnson*, of counsel), for defendant.

BIRD, J. In the case of Frank L. Riggs *v.* The Estate of Abigail Z. Riggs, a judgment was rendered for plaintiff in the Wayne circuit court for the sum of $17,000, on the 31st day of January, 1924. (When

[1]Appeal and Error, 4 C. J. § 1903; [2]Id., 4 C. J. §§ 1903, 1890.

the words "plaintiff" and "defendant" are used in this opinion they will refer to the parties in this case.) Upon application of defendant 20 days were granted in which to move for a new trial and settle a bill of exceptions.    The certificate of the stenographer was obtained and filed.    Counsel stipulated that the time might be extended to April 15th.    On this stipulation an order was made extending the time in accordance therewith.    Defendant's counsel claims that before the expiration of the second order he made a motion, supported by affidavit, to extend the time from April 15th to May 15th, and served a copy thereof on plaintiff by mail.    This motion was presented to Judge Moynihan, and he granted an order extending the time to May 15th.    Plaintiff's counsel was not present at the hearing and he denies the validity of this order because he had no *timely.* notice of the motion.    On May 14th another motion, supported by affidavit, was made to extend the time from May 15th to June 17th. This motion was heard by Judge Murphy, and denied, on the ground that he doubted his jurisdiction to extend it.    In the return to the order to show cause he returns :

"That at the time of denying said motion on June 3d, A. D. 1924, this respondent believed and held as the law that he had no authority or jurisdiction to allow said motion, for the reason that the order made on April 15th, A. D. 1924, was made and entered without notice to the plaintiff, or plaintiff's counsel, and without the knowledge or consent of plaintiff, or plaintiff's counsel, and was therefore a nullity, and for the further reason that on and after said May 15th, A. D. 1924, more than eighty days having expired since the entry of said judgment, respondent had no authority of law to grant said motion for the further extension of time to settle the bill of exceptions."

The question involved is whether, after the usual 20-day period has been allowed and an extension has

been regularly granted and has expired, has the court jurisdiction to allow further extensions?

It is not very important whether the order made by Judge Moynihan was valid or invalid. If valid, defendant's last motion was seasonably made. If invalid, defendant's first extension had overrun 30 days. In either event the trial court had the jurisdiction to extend the time upon motion, supported by showing of good cause by affidavit. The question whether the court could make a second extension after the first extension had expired was touched upon by Mr. Justice WIEST in *Miley* v. *Grand Traverse Circuit Judge,* 217 Mich. 415, where the statute and court rule were construed:

"The effect of the statute and rule is to require no order for the first 20 days, the certificate of the stenographer and an order for the next 60 days, and good cause shown upon special motion with notice or written stipulation for any order for further time. * * * It will be found, upon an examination of the cases, that, if the time is extended by order of the court beyond the 20-day period, there is power to grant further extension, and the discretion to settle and sign a bill of exceptions, *even after ordered time has expired*" (citing authorities).

Again, in *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393, it was said by Mr. Justice MCDONALD:

"In the instant case we think it should be held that the extension of 60 days was granted during the 20-day period. It so appears from the order, the authenticity of which the defendant is now in no position to question. Therefore, when the motion for further time was made the court had authority to allow it, *though the 60-day extension had elapsed.*"

We think Judge Murphy had jurisdiction to hear and determine this motion, for the reason that the 20-day period had been regularly granted, and within that time an extension by stipulation and order had been made. This carried the question of extensions

into the domain of discretion, and it was then permissible for the court to allow further extensions on showing of good cause by affidavit.  The mere fact that the order of Judge Moynihan was not effective because the motion was not timely served would not deprive the court of jurisdiction to hear a subsequent motion.  Neither would the passage of 80 days from the date of judgment deprive the court of jurisdiction to grant further time upon motion, showing good cause by affidavit.  To secure the first extension application must be made within the first allowance of 20 days, but after the first extension further extensions are within the discretion of the court upon a proper showing of good cause by affidavit (Circuit Court Rule No. 66).

Being of this view we think Judge Murphy was in error in assuming that he was without jurisdiction in the premises.  Upon re-notice by the defendant of its motion it will be disposed of in the Wayne circuit court in the regular course of business.  The estate will recover its costs from the plaintiff in the principal case.

CLARK, C. J., and McDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.