J. W. Townes v. Hal S. Lattimore, District Judge et al.

Motion No. 6451.   Decided May 13, 1925.

(272 S. W. 435).

1.—Practice in Trial Court—Motion for New Trial.

A judgment in the District Court remains in the control of the court while the case continues within his jurisdiction, and may be set aside without motion or when motion for new trial or amendment thereto was not filed in such time or such manner as to require him to consider it, so long as the judgment has not become final by expiration of the term or otherwise. (Pp. 514, 515).

2.—Same—Statutes.

The Act of March 21, 1923, Laws of 38th Legislature, Ch. 105, P. 215, subdivisions 14, 15, and 16, regulating procedure for new trials in certain district courts (in counties having two or more with civil jurisdiction only) makes judgment final only after thirty days from the overruling of the motion for new trial, which must be acted on within forty-five days after judgment was rendered. When new trial was granted within the latter time, it was done while the case was still within the jurisdiction of the court and the order was valid, though the original motion, filed in due time, was not presented, and the action was had on an amended motion filed too late (more than thirty days after the original one) and without leave of the court, and was one which the court might for that reason have disregarded. (Pp. 512-515).

Motion for leave to file in the Supreme Court a petition for mandamus against Lattimore as judge of the District Court of the 96th Judicial District. E. A. White and wife parties to a judgment on which the respondent had granted a new trial, which order relator sought mandamus to require respondent to disregard as being made when the judgment had become final and beyond his jurisdiction, were named as co-respondents in the petition.

*Burgess, Burgess, Sadler, Christman & Brundidge,* for relator.

*Hutchens & Clark,* for respondents.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This cause is before us on application for leave to file a petition for mandamus against the Honorable H. S. Lattimore, Judge of the 96th Judicial District of Tarrant County, and other parties.

Mr. and Mrs. E. A. White, respondents herein, brought suit against J. W. Townes in the District Court named. On November 27, 1923, verdict and judgment was rendered to the effect that they take nothing by their suit. On November 30, 1923, they filed their original motion for a new trial in the cause, praying the court to set aside the judgment and grant them a new trial. This motion was never presented to the court nor acted upon by him, but on the 2nd day of January, 1924, without leave of the court first had, the respondents filed their first amended original motion for a new trial. On the 4th day of January, the relator, Townes, filed objections to a consideration of the amended motion for a new trial, and moved to strike it out. The court overruled the objections and motion to strike out, and granted a new trial on the amended motion. The contention was there made, and is here insisted on, that the amended motion was not filed in the time and in the manner required by the Act of the 38th Legislature, hereafter referred to, in that the amended motion was filed more than twenty days after the filing of the original motion, and without leave of the court. By reason of these facts it was and is insisted that, under the law, the original judgment became final at the end of thirty days from its date, and that the trial court was within jurisdiction and power to act on the amended motion for new trial. The prayer is made here for a mandamus to Judge Lattimore, commanding him to give force and effect to the judgment of November 27, 1923, and proceed no further with the cause so long as that judgment remains unreversed.

Chapter 105, General Laws of the 38th Legislature, amended Title 37 of the Revised Statutes of the State by adding thereto 12a, relating to procedure in civil district courts in counties having two or more district courts with civil jurisdiction only, and whose terms continue three months or longer. The 96th District Court, of which Judge Lattimore is the judge, comes within the provisions of this Act. So much of this Act as is pertinent to the present inquiry is contained in Subdivisions 14 to 16, inclusive, of Chapter 105. These subdivisions read as follows:

"Subd. 14. A motion for new trial filed during one term of court may be heard and acted on at the next term of court. If a case or other matter is on trial or in process of hearing when the term of court expires the trial or hearing or other matter in process when the term expires may be proceeded with at the next term of the court just as if they were the same term of court. No motion for

new trial or other motion or plea shall be considered as waived or overruled because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which may be fixed by the judge, or to which it may have been postponed or continued by agreement of the parties with leave of the court. All motions and amended motions for new trials shall be presented within thirty days after the original motion or amended motion for new trial is filed and shall be determined within not exceeding forty-five days after the original motion or amended motion is filed, unless by written agreement of the parties filed in the case the decision of the motion is postponed to a later date.

"Subd. 15. A motion for new trial, where required, shall be filed within ten days after the judgment is rendered or other order complained of is entered, and may be amended by leave of court at any time within twenty days after it is filed before it is acted on.

"Subd. 16. Judgments of such civil district courts shall become as final after the expiration of thirty days after the date of judgment or after a motion for new trial is overruled as if the term of court had expired. After the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled the judgment can not be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts."

Subdivision 15 requires that motions for a new trial be filed within ten days after the judgment is rendered, and provides that such original motion may be amended by leave of the court at any time within twenty days after it is filed before it is acted upon.

It is apparent from the record which accompanies the motion in this proceeding that the original motion for new trial was filed within the statutory period, but that the amended motion for new trial was filed longer than twenty days after the filing of the original motion, and without leave of the court. The question is, notwithstanding the failure to comply with this statute, did the District Court have jurisdiction to consider and act upon the amended motion for new trial?

Subdivision 14, quoted above, provides that all motions and amended motions for new trial shall be presented within thirty days after the original motion or amended motion for new trial is filed, and shall be determined within not exceeding forty-five days after the original motion is filed, unless by written agreement of the parties filed in the case the decision of the motion is postponed to a later date.

The original motion for new trial was filed on the 30th of November. The amended motion was filed January 2nd thereafter, or within

114 Tex. Sup.—33.

thirty-three days, and was acted on on January 4th, well within the forty-five days after the filing of the original motion. In other words, the right of the respondents White and wife to a new trial was tried and determined by the court within the forty-five day period prescribed by Subdivision 14 of the Act.

It is obvious that, under the statute, the trial court had jurisdiction of the subject matter of his suit for a period of at least forty-five days after the original motion was filed. It is unnecessary to determine whether that jurisdiction continued for a longer period of time, but that it did continue that length of time is evident. It is true that the statute says that all motions and amended motions for new trial must be presented within thirty days after the original motion or amended motion for new trial is filed. This, of course, merely means that, unless presented within this time, the trial judge might decline to consider the same, and, in some instances, not be in the attitude of abusing his discretion. But the jurisdiction of the court cannot be made to depend upon failure of counsel to present a motion for new trial, which in the nature of things the court was compelled to dispose of. The original motion for new trial was a matter pending in the court, which had to be disposed of in some manner. The trial of the case was not concluded until the motion was disposed of. G. G. & S. F. Ry. Co. v. Muse, 109 Texas, 352. So long as the trial court had jurisdiction of the cause, he had the power to set aside the verdict and judgment and grant a new trial, either upon motion or upon his own accord. The general rule has always been that the power to set aside at the same term at which they are rendered its judgments and orders, is one inherent in every court of general jurisdiction, and is not taken away by statutory provisions which regulate the subject of new trials. Cohen v. More, 101 Texas, 45; Trevino v. Stillman, 48 Texas, 561; Michie's Texas Digest, Vol. 11, p. 99; Leon v. Wettermark, 58 Texas, 125; Grubbs v. Blum, 62 Texas, 426; Raley v. Sweeney, 60 S. W., 573; Garza v. Baker, 58 Texas, 483; Freeman on Judgments (4th ed.), Vol. 1, Sec. 90.

The rule stated was based upon the proposition that the trial court had jurisdiction of all cases decided by it during its entire term. In the Act before us an attempt has been made to limit the jurisdiction of the trial court to forty-five days after the original or amended motion for new trial is filed, "unless by written agreement of the parties filed in the case the decision of the motion is postponed to a later date."

Without determining any question that is not necessarily involved in the instant case, it is plain that the trial court had jurisdiction of the case pending before him for forty-five days after the original

motion for new trial was filed, and that he therefore, during that period of time, had complete control over his judgment, with power to set it aside. He could set it aside without any motion, and of his own accord. Corpus Juris, Vol. 34, p. 243; Hooker v. Williamson, 60 Texas, 524, 527; Mahan v. Kyle, 211 S. W., 302; Aycock v. Kimbrough, 71 Texas, 330, 334.

Having jurisdiction and power to grant a new trial in the case on his own motion during the forty-five day period, he had the discretion to consider of value, and as aiding or assisting him, the amended motion for new trial. Aside from this, however, the court had authority, in his discretion, to permit the filing of the amended motion for new trial after the twenty day period had expired, so long as he had jurisdiction of the case. George v. Taylor, 55 Texas, 99; Linn v. LeCompte, 47 Texas, 440; Hargrove v. Cothran, 118 S. W., 177. The authorities cited refer to the filing of original motions after the expiration of the statutory period for filing, but the reason of the rule applies with like force to amended motions.

Having power to permit the filing of an amended motion for new trial at any time within the forty-five day period, he had authority to consider the motion which had been filed without leave of the court. His consideration thereof and overruling objections thereto was tantamount to granting leave to file the amended motion. and fixed its status as a properly filed paper in the case. Leave may be granted after a pleading is filed as well as before. Hopkins v. Seay, 27 S. W., 899.

Since the new trial in this case was granted within the forty-five day period, and at a time when the court had jurisdiction and power to set aside his previous orders and judgment in the case, either of his own volition or upon motion, it is plain that the court had power to grant the amended motion for new trial, and his action in doing so will not be revised in a proceeding for mandamus.

Leave to file the petition for mandamus is accordingly refused.