SECURITY STATE BANK, Appellant, v. RODWAY et al,
Respondents.

(208 N. W. 778.)

(File No. 5593.   Opinion filed May 5, 1926.)

New Trial—Motion for New Trial Held Not "Presented" to Court
Within Meaning of Statute, Where Understanding of Parties
and Court Was that Motion Should Be Presented Later (Rev.
Code 1919, Sec. 2559, as Amended by Laws 1921, c. 185;
Rev. Code 1919, Sec. 3147).

Motion for new trial held not "presented" to court within
meaning of Rev. Code 1919, Sec. 2559, as amended by Laws
1921, c. 185, providing that time for presenting a motion for
new trial shall not be extended beyond time limited by statute
for appealing from final judgment, where clear understanding
of parties and court was that motion should be presented later,
and indefinite postponement of date of hearing motion not be-
ing a consent that hearing might be had after time in which
defendants might appeal from judgment under. Rev. Code 1919, ·
Sec. 3147.

Note.—See, Headnote, American-Key-Numbered Digest, New trial,
Key-No. 118, 29 Cyc. 932.

Appeal from Circuit Court, Lincoln County; HON. L. L.
FLEEGER, Judge.

Action by the Security State Bank of Beresford against Ole
Rodway and another.  Judgment for plaintiff, and, from an order
granting defendants a new trial, plaintiff appeals.  Order vacated
and set aside.

*Caldwell & Caldwell,* of Sioux Falls, for Appellant.

*Bogue & Bogue,* of Parker, for Respondents.

GATES, P. J.  This is an action upon two promissory notes.
Trial by the court without a jury.  The judgment was entered for
plaintiff on December 1, 1922.  The time within which defendants
might appeal therefrom expired on December 1, 1923.  Rev. Code
1919, § 3147.  On September 10, 1923, defendants served their
notice of motion for new trial, returnable at Parker September 24,
1923, at 2 o'clock p. m., "or as soon thereafter as counsel can be
heard."  The matter was not heard on that day, but the parties
were advised by the trial judge on December 21, 1923, that the
motion for new trial would be heard on January 2, 1924.  On
that date plaintiff made a special appearance and objected to the
jurisdiction of the court to hear the motion.  The trial court

overruled such objection in the following language:

"A motion for a new trial having been made by the defend-. ants in the above-entitled action, on the 10th day of September, 1923, and having been set for hearing before this court on the 24th day of September, A. D. 1923, at Parker, S. D., at said time the court at Parker, S. D., being in session in the regular September, 1923, term of said court, and Bogue & Bogue, and Caldwell & Caldwell being engaged in the trial of a case in said court, and the said case being finished about 5 o'clock p. m., at which time the said counsel, Bogue & Bogue and Caldwell & Caldwell stated to the court that this was the time set for hearing the motion for new trial in the above-entitled action, thereupon the court stated to counsel that, owing to the lateness of the hour, it did not care to hear arguments upon the motion at that time, and, the court having to leave the next business day to hold a term of court in one of the other counties in said circuit, the court at said time, on the 24th day of September, 1923, stated to counsel, in open court, that it would hear the said motion at some time in the future which would suit the convenience of counsel and the court, to which counsel for both plaintiff and defendants in open court consented, and the same was not thereafter further presented to the court; there being no time at which the court and counsel on both sides could conveniently hear the same, until the 2d day of January, 1924, some time during the latter part of December, 1923, the Hon. Alan Bogue, having suggested to the court that the above motion should be disposed of, and that he thought that counsel would have time to present the same, and the court thereupon having written to counsel in said cause the letter referred to in the affidavit of Mr. Caldwell, on file herein, the same came on for hearing on the 2d day of January, 1924, at the courthouse in Parker, S. D., pursuant to said letter, and Bogue & Bogue appeared at said time for the defendants, and in favor of the said motion for a new trial, and Caldwell & Caldwell appearing at said time for the plaintiff, specially, filed a special appearance in writing, supported by the affidavit of C. C. Caldwell, and objected to the jurisdiction of the court, for the reasons set forth in said special appearance, and the Honorable Alan Bogue, filed his own affidavit in reply thereto, and the court having heard the arguments of counsel, and being duly advised in the premises, the

objection and motion presented by the said special appearance of the plaintiff are hereby in all things overruled and denied. To which the plaintiff, in open court excepts and exception allowed.

"Dated January 3d. 1924."

On January 4, 1924, the trial court granted defendant's motion for new trial, which order recited the same facts as set forth in the above order. Plaintiff appeals from the order granting a new trial, and its first ground of error is the absence of jurisdiction in the trial court to make the order.

Prior to the legislative session of 1921, section 2559, Rev. Code 1919, read as follows:

"The court or judge, upon good cause shown, may extend the time within which any of the acts required by this and the preceding article may be done; or, may, after the time limited therefor has expired, fix another time within which any of such acts may be done."

At the 1921 session, the Legislature, by chapter 185, amended said section by adding thereto the following proviso:

"Provided, however, that the time for presenting a motion for new trial shall not be extended beyond the time limited by statute for appealing from final judgment in the action; and the judge shall make and file the order granting or denying such new trial within sixty days after presentation of such motion."

It is entirely clear to us from the order of the trial court above quoted that the motion for new trial was not *presented* to the court within the meaning of the above-amended statute on September 24, 1923. The clear understanding of the parties and the court must have been that the motion should be presented later. The indefinite postponement of the date of hearing the motion by the consent of the parties and the court on that date cannot be construed as consent on the part of any of them that the hearing might be had after December 1, 1923, even if an express consent for a hearing after that date would have availed anything by reason of the above amendment of the statute.

It is therefore clear that the trial court lost jurisdiction to entertain the motion after December 1, 1923, and that the order granting a new trial was void and of no effect.

It is therefore vacated and set aside.

SHERWOOD, J., not sitting.