DIAMOND ICE & COLD STORAGE COMPANY V. E. F. STRUBE.

No. 4218.   Decided June 9, 1926.

(284 S. W., 935).

1.—New Trial—Certain District Courts—Motion—Amendment—Judgment Final.

Under Act of March 21, 1923, Laws, 38th Leg., Ch. 103, p. 215, Secs. 14, 15, 16 (Rev. Stats., 1925, Art 2092, Par. 28-31), regulating practice in counties having two or more district courts for civil business only, the filing motion for new trial prevents the judgment becoming final until thirty days after same is overruled. Up to that time the judgment may be carried up by appeal and supersedas. (P. 518).

2.—Same—Amended Motion.

The judgment, not having become final while a motion for new trial was pending, was under control of the court and could be set aside on motion, or without one. The fact that the motion, filed in due time, was amended after the twenty days permitted therefor by Section 15 of the Act of 1923 (Par. 29 of Art. 2092, Rev. Stats. of 1925), did not prevent the overruling same from fixing the date from which must be computed the thirty days before judgment became final and not open to appeal. Pierce v. Watkins, 114 Texas, 153; Townes v. Lattimore, 114 Texas, 511; discussed and followed. (Pp. 516-518).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

*W. D. Nicholson* and *Clay Cooke,* for appellees, in support of motion to dismiss.

If the Act means anything, all proceedings taken in the court below after the expiration of forty-five days after the filing of the motion for new trial are coram non judice and void; if the court could not grant a motion after such date, it certainly could not permit one to be filed for the purpose of reviving the right of appeal. There being no longer in such courts any distinction betwen terms of court with respect to such proceedings there must, of necessity, be a time when judgments cease to be a mere proceeding, subject to change by the trial court, and become vested property, free from interference by such courts. If a motion is filed and not acted upon within the time given in the Act, applying the reasoning of cases under the former law, it is overruled by operation of law upon the expiration of the time allowed the trial court to act thereon; any action after that time is void, unauthorized; any action before that time is valid, even though a term may in the meantime have expired.

Either the forty-five days, under the facts of this case, *is the term for this case,* or else it has none, and this part of the Watkins opinion is erroneous. The old limitation is expressly abolished and unless the new be applied, then no one is sure that any judgment is ever final when a motion for new trial is filed and not acted upon.

*J. A. Templeton,* for appellant, cited contra: Townes v. Lattimore, 114 Texas, 511.

MR. JUDGE NICKELS delivered the opinion of the Commission of Appeals, Section A.

The case was tried in one of the district courts whose procedure is governed, in part, by Chapter 105, Acts of the Thirty-eighth Legislature, 1923 (Arts. 2092, R. S. 1925). Judgment was rendered October 20, 1924. Original motion for new trial was filed October 25, 1924. No disposition of that motion was made except as noted below. On December 18, 1924, the court granted leave for the purpose and an amended motion for new trial was filed. On the same day (December 18, 1924) both motions were overruled. The actions taken on December 18, 1924, were opposed by the adverse party. Thereafter, on January 15, 1925, appellant, Diamond Ice & Cold Storage Company, perfected its appeal by filing its supersedeas bond, and this was done within the time

prescribed in Section 17 of the Act mentioned, if the Court had authority (under Sections 14, 15 and 16 of the Act, quoted in full in Townes v. Lattimore, 114 Texas, 511, 272 S. W., 435) to consider and dispose of the motion (or either of them) on December 18, 1924—otherwise, attempted perfection of the appeal was too late.

When the case reached the Court of Civil Appeals, E. F. Strube duly filed and presented his motion to dismiss the appeal because, he asserted, jurisdiction in the District Court had ceased prior to December 18, 1924. This motion was overruled. Motion for rehearing was filed and now pends. The Court of Civil Appeals has certified this question:

"Did this court err in overruling the motion to dismiss the appeal for want of jurisdiction?"

Portions of the statute in question were before the Supreme Court in the cases of Pierce v. Watkins, 114 Texas, 153, 263 S. W., 905, and Townes v. Lattimore, supra.

In Pierce v. Watkins it was decided that a judgment becomes final so that jurisdiction ceases (unless re-invoked through bill of review) with the expiration of thirty days (from date of rendition) unless a motion for new trial shall have been filed in the meantime.

In Townes v. Lattimore, it is made to appear that judgment (in the trial court) was rendered November 27, 1923; that original motion for new trial was filed November 30, 1923; that an amended motion was filed (without leave) January 2, 1924; and that on January 4, 1924 (over objection by the adverse party), the court sustained the amended motion and granted a new trial. The original motion, which was filed within the statutory period, was not presented or acted upon. The amended motion was not filed within the thirty-day period fixed therefor by Section 15. It was decided that the trial court had jurisdiction (for at least forty-five days from date of filing of the original motion) under Section 14 to hear and determine the amended motion. In that case the amended motion was presented and sustained within that forty-five-day period; hence, it was not necessary to decide whether jurisdiction extended beyond that period, and the question was pretermitted.

Here the original motion was filed within the ten-day period allowed therefor by Section 15, but the amended motion was not filed until the fifty-fourth day after date of original filing. And, in our opinion, the Court had jurisdiction then to consider the motion.

So long, at least, as the powers which inhere in a court are left untouched, determination of the time when a judgment shall become final is a legislative prerogative. Pierce v. Watkins. That power was used to declare that

"Judgments of such civil district courts shall become as final after the expiration of thirty days after the date of judgment or after a motion for new trial is overruled as if the term of court had expired. After the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled the judgment can not be set aside except by bill of review," etc. (Sec. 16).

The thirty-day period mentioned relates to the overruling of a motion for new trial as plainly as it does to rendition of the judgment when no motion is filed. The result of filing a motion within the time allowed is to prevent finality and leave the judgment under control of the court. Of an original motion filed (as here) within the ten-day period it was said:

(It) "was a matter pending in the court, which had to be disposed of in some manner. The trial of the case was not concluded until the motion was disposed of. G., C. & S. F. Ry. Co. v. Muse, 109 Texas, 352, 207 S. W., 897, 4 A. L. R., 613." (Townes v. Lattimore, supra).

And it was because the original motion preserved jurisdiction that it was held (in the case cited) that failure to comply with the provision of Section 15 naming a twenty-day period therefor did not take away the court's power to consider the amended motion.

Pendency of an undetermined original motion for new trial with the jurisdictional effect given it in Townes v. Lattimore necessarily results in affirmance of the order of the Court of Civil Appeals in this case. For Section 14 of the Act purports to require the Court's action "within not exceeding forty-five days after the original motion *or amended motion* is filed." Where an amendment has been allowed the forty-five day period dates from that filing (and not from the original filing), and here the amended motion was presented and overruled on the same day leave was given and it was filed.

Accordingly, we recommend that the question certified be answered "No."

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.