### SOUTHERN S. S. CO. v. EDWARDS.
### (No. 8758.)

(Court of Civil Appeals of Texas. Galveston. Feb. 16, 1927. Rehearing Denied Feb. 24, 1927.)

1. **New trial** ⬅➡119—**Whether motion for new trial, not filed within statutory period, shall be passed on, rests in trial court's discretion (Vernon's Ann. Civ. St. 1925, art. 2092, subd. 28).**

Whether motion for new trial, not filed or presented within time allowed by Vernon's Ann. Civ. St. 1925, art. 2092, subd. 28, shall be passed on, rests in sound discretion of trial court.

2. **Appeal and error** ⬅➡977(2)—**Trial court's action in passing on motion for new trial, not filed within statutory period, will not be disturbed, unless record shows abuse of discretion (Vernon's Ann. Civ. St. 1925, art. 2092, subd. 28).**

Trial court's action in passing on motion for new trial, not filed or presented within time allowed by Vernon's Ann. Civ. St. 1925, art. 2092, subd. 28, will not be disturbed on appeal, unless record shows clear abuse of discretion.

3. **Appeal and error** ⬅➡294(1)—**Fact questions could not be reviewed on appeal, where court's nonaction on motion for new trial was not abuse of discretion (Vernon's Ann. Civ. St. 1925, art. 2092, subd. 28, and art. 2093).**

Court of Civil Appeals could not review fact questions, raised in assignments and in motion for new trial, where motion for new trial was not filed or presented to trial court within 30 days, nor determined by that court within 45 days, as prescribed in Vernon's Ann. Civ. St. 1925, art. 2092, subd. 28, and article 2093, and where trial court's nonaction on it was not abuse of discretion.

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Action by Henry Edwards against the Southern Steamship Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Geo. C. Gaines, Jr., of Houston, for plaintiff in error.

W. O. Dailey, Fred L. Perkins, and K. C. Barkley, all of Houston, for defendant in error.

GRAVES, J. At a former term this cause was affirmed under this opinion:

"Henry Edwards, one of its employees, sued the steamship company for negligently causing some lumber to fall from a crate on deck down into a hatch in the hold of a ship, where he was at work, and injuring him. The cause was submitted on special issues to a jury, and on October 8, 1924, they returned a verdict finding the defendant guilty of having negligently so caused the injury, and assessing the plaintiff's damages at $3,000. On October 10, 1924, the defendant filed a motion for a new trial, and the next day, October 11, in response to plaintiff's motion to that effect, the court entered judgment in his favor for the sum stated, whereupon the defendant excepted and gave notice of appeal. Defendant also, by motion bearing the file mark of October 13, but which recites that it is made before the entry of judgment on the jury's findings, prayed the court to set aside the verdict, and thereafter, on December 6, 1924, filed its further motion to set aside the order directing the entry thereof as well as the judgment itself. The last mentioned motion the court overruled on December 10, 1924, to which order the defendant likewise excepted and gave notice of appeal, but the record fails to disclose that any action was ever taken upon its motion for a new trial.

"On December 16, 1924, defendant filed its petition and bond for writ of error, citation therein being served on December 18, and on January 30, 1925, filed its assignments of error in the court below. The record and statement of facts upon appeal were first filed in this court February 26, 1925.

"Into this status of the cause and before its submission in this court, the plaintiff below, as defendant in error, injected his "motion to dismiss appeal on writ of error, with application for affirmance," contending that, under the pro-

visions of chapter 105, Acts 38th Legislature (Vernon's Ann. Civ. St. 1925, arts. 2092, 2093), which governs practice in the district courts of Harris county, this court had no jurisdiction to consider the proceeding at all for two reasons: (1) An appeal by writ of error is no longer authorized by law, (2) Plaintiff in error's motion for new trial was neither presented to the court within 30 days nor determined by it within 45 days after the same was filed.

"That motion was refused, under our conclusion that the first objection therein raised had previously been held untenable in several cases, and that the second one did not, in toto, prevent the jurisdiction of this court from attaching, but that the stated procedure put the cause here for the consideration of such issues as might be found to be properly presented.

"Both parties have filed briefs, also offered oral arguments, and, on going into the record, it is now found: (1) That plaintiff in error's motion for new trial was not presented to the trial court within 30 days nor determined within 45 days after it was filed, nor was any written agreement of the parties ever made or filed that the decision of the motion might be postponed to a later date; (2) that its assignments of error are independent of those appearing in its unacted upon motion for new trial, and, other than the suggestion that the court erred in not acting upon that motion within the 45 days' time, all question the sufficiency of the evidence to sustain the jury's findings; (3) that no fundamental error appears upon the face of the proceedings.

"Upon this state of the record, we conclude that we have no jurisdiction to consider the fact questions raised in the assignments, and that, there being no fundamental error, the trial court's judgment must be affirmed.

"In the recent case of Harrisburg Pipe, etc., Co. v. Wiggins (Tex. Civ. App.) 282 S. W. 263, we held the provisions of chapter 105, General Laws of the 38th Legislature, requiring the motion for new trial to be determined within 45 days, to be mandatory, and do not think sufficient reason has been given for overturning that decision. See, also, Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S. W. 906; Townes v. Lattimore, 114 Tex. 511, 272 S. W. 435.

"It may be that the language of subdivision 16 of the act (Vernon's Ann. Civ. St. 1925, art. 2092, subd. 30), construed by the Supreme Court in the Watkins Case, is somewhat more emphatic than that of subdivision 14 (Vernon's Ann. Civ. St. 1925, art. 2092, subd. 28), which is directly applicable here, but when the statute as a whole is looked to, there seems to us no difference in substantial purpose or effect; the enactment was a remedial measure, designed to obviate some of the law's delays, and should be construed with a view to the attainment of that objective.

"An order of affirmance will accordingly be entered."

A first motion for rehearing was refused, but subsequently the Supreme Court, through the Commission of Appeals, in the case of Diamond Ice, etc., Co. v. Strube, 115 Tex. 515, 284 S. W. 935, seems in effect to have held subdivision 14, § 1, of chapter 105, General Laws of the 38th Legislature, directory only, instead of mandatory, as so held by this court. In deference to that determination, we accordingly entertained and granted a second motion for rehearing, and the cause is now again decided here, this time upon the view that the trial court did have jurisdiction to act upon the motion for new trial after the expiration of the 45 days.

On reconsideration, all our former findings, as well as the legal conclusions other than that just excepted, are reiterated. The record upon appeal further fails to show that the trial court either declined or neglected to pass upon appellant's motion for a new trial after the 45-day period on a holding that it was then without jurisdiction to do so; indeed, no explanation for the nonaction is shown. For aught that appears, therefore, it may have been the result of appellant's own negligence or delay.

[1-3] Under the pre-existing statutes it was quite generally held to rest in the sound discretion of the trial court as to whether or not motions for new trial, not filed or presented within the time allowed, would be passed upon, and that its action in so doing would not be disturbed upon appeal, unless the record showed a clear abuse of that discretion. Cato v. Scott (Tex. Civ. App.) 96 S. W. 667; Hargrove v. Cothran, 54 Tex. Civ. App. 5, 118 S. W. 177; First National Bank of Fort Worth v. Henwood (Tex. Civ. App.) 183 S. W. 5. No reason occurs for not holding that rule applicable to the statute here invoked, and, when that is done, an affirmance again results, because the record before us is wholly devoid of any showing of abuse of its discretion on the part of the court below. It follows, also, that this court is still without authority to consider the fact questions raised, either in the assignments of error here, or in the unacted-upon motion for new trial in the court below.

Pursuant to these conclusions, the judgment has been affirmed.

Affirmed.