### RADFORD et al. v. AUTOMOBILE UNDER-WRITERS OF AMERICA.
#### (No. 1007–4886.)

Commission of Appeals of Texas, Section A.
Nov. 23, 1927.

**1. Appeal and error ⚖➔933(1)—Rendition of order denying new trial manifested assumption of jurisdiction which imported examination of condition of case and finding of facts requisite to jurisdiction.**

Rendition of order overruling motion for new trial manifested attempted assumption and use of jurisdiction, which imported examination of condition of case and finding of such facts as were requisite to jurisdiction.

**2. Appeal and error ⚖➔933(1)—Where record did not affirmatively show contrary, appellate court must presume that proceedings for new trial were in conformity with statute (Rev. St. 1925, art. 2092, §§ 29, 30).**

Where it did not affirmatively appear in record that recitals in judgment on motion for new trial, showing that same was duly filed by leave of court, and was heard and acted on, were incorrect, appellate court must presume that proceedings were in conformity with requirements of Rev. St. 1925, art. 2092, §§ 29, 30, relating to time for filing motion for new trial.

**3. Insurance ⚖➔670—Where answers to special issues were contradictory, court should have set verdict aside.**

Where jury's answers to special issues Nos. 1 and 4 sustained theory of total loss of automobile insured, and its answers to issues Nos. 2 and 3 plainly negatived that view, court could not enter judgment resting on answers to issues Nos. 1 and 4, but should have set aside verdict, since foundation of judgment in case wherein jury intervenes is verdict on material issues.

**4. Jury ⚖➔31(3)—Right of trial by jury cannot be evaded through device of giving actual effect to verdict, whose important terms are mutually destructive.**

Constitutional right of trial by jury is not to be evaded in whole or given attenuated strength through device of giving actual effect to verdict, whose important terms are mutually destructive.

**5. Appeal and error ⚖➔882(18)—Whether error in rendering judgment on improper verdict was invited was immaterial, since power to render judgment is not given by parties' consent.**

Whether error in rendering judgment based on conflicting answers to special issues, instead of setting aside verdict, was invited, was immaterial, since vice pertained to power to render judgment which is given by law and not by consent of parties.

Appeal from Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Mrs. J. F. Radford and husband against the Automobile Underwriters of America. Judgment for plaintiff was reversed and remanded by Court of Civil Appeals (293 S. W. 869), and plaintiffs bring error. Affirmed.

Whitehurst & Whitehurst, of Dallas, for plaintiffs in error.

Thomas, Frank, Milam & Touchstone, of Dallas, for defendant in error.

NICKELS, J. The opinion of the honorable Court of Civil Appeals is reported at pages 869 et seq., 293 S. W. In the original opinion it was held, inter alia, that the answers of the jury to special issues included fatal contradictions and ambiguities. In the opinion on rehearing there was overruled a contention that the district court had lost jurisdiction, and that the judgment had become final prior to rendition of the order appealed from because of lack of motion for new trial filed within ten days from judgment in accordance with sections 29 and 30 of article 2092, R. S. 1925. Writ of error was allowed, principally, upon assignment of error in the latter ruling and upon apparent authority in Phil H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S. W. 906. See, also, Townes v. Lattimore, 114 Tex. 511, 272 S. W. 435; Nevitt v. Wilson (Tex. Sup.) 285 S. W. 1079, 48 A. L. R. 355; Diamond Ice & Cold Storage Co. v. Strube, 115 Tex. 515, 284 S. W. 935; Box v. Pierce (Tex. Civ. App.) 278 S. W. 227.

Upon examination of the transcript we observe: (a) The trial was begun June 15, 1925; the case was submitted on special issues in a charge filed June 17th; verdict was returned, accepted, and filed June 19th; plaintiff's motion for judgment was filed June 20th; the date of commencement of trial and that of return of verdict are shown in the judg-

ment recitals. (b) Intervening the caption and body of the judgment as written there is the declaration, "entered as of the 17th day of June, 1925," a date impossible either for the judicial act of rendition or the ministerial act of entry, since the verdict was not returned until June 19th. Otherwise there is not to be found in the judgment or in the "judgment roll," as reproduced, recitation or data from which the actual date of rendition or entry of the judgment may be determined. (c) There is lack of a pleading, etc., styled "motion for new trial," or presenting attack upon the verdict or judgment, except for that called "defendant's first amended original motion for new trial," filed August 1, 1925. (d) There is an order overruling the motion just named and exhibiting notice of appeal. In its body there is purport of rendition on August 1st, but it is declared as "entered as of the 1st day of August, 1925." (e) That order contains a recital to the effect that the "first amended motion for new trial" was "duly filed herein by leave of court." (f) The appeal is from that order, and the bond was filed and approved August 29, 1925. (g) In the clerk's certificate it is declared "that the above and foregoing 29 pages contain a true and correct transcript of all the proceedings had and done" in the cause. See article 2278, R. S. 1925; rules 94 and 100, 142 S. W. xxiv.

[1] Rendition of the order on or after August 1, 1925, manifests, of course, attempted assumption and use of jurisdiction, and that imports examination of the condition of the case and a finding of such facts as were requisite to jurisdiction. Lindsey v. Luckett, 20 Tex. 516; 15 C. J. 851. For present purposes the essential fact may be regarded as existence of a motion for new trial filed within ten days from rendition of the judgment.

[2] From what has been recited it becomes apparent that existence of that fact, or condition, is without negation in the transcript of record, even if (contrary to the presumption ordinarily belonging to the judgment recital of an amendment duly filed with leave) what is called "defendant's first amended motion for new trial" (filed August 1, 1925) be assumed to be the earliest pleading on the subject. This is in consequence of disclosure of the fact that the judgment was neither entered nor rendered, in fact, as early as June 17th, with nondisclosure of the true dates and continuance of the term to September 5, 1925. The judgment may have been rendered or entered, or both rendered and entered, within the ten days immediately preceding August 1, 1925. We do not have a case, then, wherein "the record shows affirmatively * * * the jurisdictional facts" in rebuttal of the presumption otherwise appropriate. Chrisman v. Graham, 51 Tex. 454. We put our view that error is not shown in

the decision of the Court of Civil Appeals on this ground, and pretermit examination of the reasoning of that court which led to the asserted conflict with Phil H. Pierce Co. v. Watkins and other cases cited. In so far as relevant to the matter as presented in the petition in error, they have to do with instances wherein it definitely appears that a motion for new trial was not filed within the ten-day period.

Amongst the more important averments in the petition is one of total loss of the automobile in respect to utility and "pecuniary or market value." Defendant denied "that said automobile was destroyed beyond restoration, * * * and * * * that it was thereby damaged in all its parts to such extent as to be a complete and total loss as alleged." There was evidence each way. The jury's answers to special issues Nos. 1 and 4 sustained the theory of total loss. Its answers to issues Nos. 2 and 3 as plainly negatived that view. The policy provided liability in the maximum of $2,400. The judgment for that amount, with interest, necessarily rests upon the answers to issues Nos. 1 and 4, which are but parts of the verdict upon material issues.

[3-5] It may be true that a judge can ignore findings upon immaterial issues, and, in modern practice, it undoubtedly is true that he may find facts on a subject neither remitted, nor sought to be remitted, to a jury. But in the situation here presented none of that authority was appropriate, and there was nothing for him to do except to set aside the verdict. The foundation of a judgment in a case wherein a jury intervenes is the verdict on material issues. The constitutional right of a trial by jury is not to be evaded in whole or given an attenuated strength through the device of giving actual effect to a verdict whose important terms are mutually destructive. Against these views plaintiff in error urges that the error was invited. Whether so, in truth, we do not consider, for the vice pertains to the power to render judgment (Van Valkenburg v. Ruby, 68 Tex. 139, 3 S. W. 746; Claiborne v. Tanner, 18 Tex. 68; Moore v. Moore, 67 Tex. 293, 3 S. W. 284), which is given by law and not by consent of the parties.

It is urged, too, that judgment on like conflicts was approved in Chicago, R. I. & G. Ry. Co. v. Zumwalt (Tex. Com. App.) 239 S. W. 912. But upon examination we find that neither the plaintiff's suit nor the judgment in that case proceeded upon the theory of a total loss of the car; that there was no finding of total loss; and that in its disposition of the matter of alleged conflict the court took into consideration the value of use between injury and restoration and the possibility of a difference between the value of the car as it existed immediately before the injury and its value after repairs. Conse-

quently, it was held a finding of $1,000 as the amount required for repairs alone was not repugnant to a finding of $1,500 as the difference "in value ⁂ ⁂ ⁂ immediately before and immediately after the accident." Campbell v. Johnson (Tex. Civ. App.) 284 S. W. 261, is likewise cited. But in that case the amount found as the difference in value "immediately before and immediately after" was $1,873.05, which was the amount also found as the "cost of material and labor necessary to replace the damaged parts."

Since we are in agreement with the Court of Civil Appeals on the disposition of the assignments in respect to conflicts in the verdict, we do not consider the other matters presented. They may not arise or have importance in the new trial.

Accordingly we recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.