## MILLERS MUT. FIRE INS. CO. v. WILKIRSON.

### No. 4112.

Court of Civil Appeals of Texas. Texarkana. Nov. 11, 1931.

Rehearing Denied Nov. 19, 1931.

Elton M. Hyder and Dean & Perkins, all of Fort Worth, for appellant.

Levy & Evans, of Fort Worth, for appellee.

LEVY, J. (after stating the case as above).

By express provision of the special practice act, subdivision 29 of article 2092 (Rev. St.), having direct relation to this case, an original motion for new trial, being timely filed, and before it is acted on, "may be amended by leave of the court" if done at any time "within twenty days after it is filed." As the leave to amend in this case, which was authorized in the order of the court on December 15, 1930, was timely made, being nineteen days after the filing of the original motion for new trial, the court had, as subdivision 28, as amended by Acts 41st Leg. (1930), 5th Called Sess., c. 70, § 1 (Vernon's Ann. Civ. St. art. 2092, subd. 28), provides, "forty-five days after" the "amended motion is filed" within which to finally act upon it. The 45-day period dates, as decided, from the filing of the amended motion, and not from the original motion for new trial. Diamond Ice & Cold Storage Co. v. Strube, 115 Tex. 515, 284 S. W. 935. But the granting of the leave to amend was not intended and could not operate to dispense with the necessity of filing the amended motion at the time required, which will be implied to be at the time the authorized leave of the court was granted; there being no statutory provision otherwise providing. As can be seen, in the proceedings the amended motion for new trial was not filed until January 23, 1931, being 58 days after the motion for new trial was filed, and

done at that time under a subsequent or second order of leave by the court to do so. And the amended motion was itself amended and carried forward by a further or second amended motion which was not filed until February 4, 1931, being 70 days after the motion for new trial was filed, and was done at that time by a subsequent or further leave of the court to do so. The second amended motion for new trial was not finally determined and disposed of by the court until February 18, 1931, being 84 days after the motion for new trial was filed, and 69 days after December 15, when the amended motion was due to be filed. It is therefore important to determine whether or not the extension order made by the court solely upon appellant's motion was valid or invalid. If invalid, then the amended motion and the second amended motion for new trial were neither one seasonably made, and the court's order overruling the same had overrun the 45 days allowable to finally determine such motions. The appellant contends that Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355, sustains the proceedings in the case in authorizing further extensions, as within the discretion of the court. Appellee on the other hand urges that, since the decision of the Nevitt Case, supra, the Legislature (Acts 41st Leg. [1930], 5th Called Sess., c. 70), has amended subdivision 28 of article 2092, in the express object and intendment to forbid extension of time upon the motion of a party to the suit and to limit the time for presentation of a motion for new trial to the trial judge and the time within which he shall finally determine it. The amended act, as relevant, provides that "all motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date." The amendment consisted of the substitution of the words "must be" for the words "shall be." Section 2 (Acts 41st Leg. [1930], 5th Called Sess., c. 70) states the reason and occasion for making the amendment, and reads: "The fact that the Supreme Court of Texas in the cases of Townes v. Lattimore, 114 Tex. 511 [272 S. W. 435], and Nevitt v. Wilson, 116 Tex. 29 [285 S. W. 1079, 48 A. L. R. 355], has held that the present Statute is merely directory, and since no time limit within which motions for new trial may be filed and determined, creates an emergency and an imperative public necessity," etc. It is believed the amended statute was intended to be imperative and forbid the delay of hearing and finally disposing of an application for new trial beyond the time specified without "written agreement of the parties filed in the case."

■■ It is necessary that errors occurring during the progress of the trial shall be made the basis of a motion for new trial as a prerequisite to the consideration of such errors on appeal. See 3 C. J. §§ 849–850, citing rule in Texas. When not conferred upon it or forbidden to do so by statute, a court is without authority to extend the statutory time either for the purpose of moving for a new trial or for the purpose of amending a motion for new trial. 46 C. J. § 291; McIntosh v. Zaring, 150 Ind. 301, 49 N. E. 164; Riggs' Estate v. Wayne Circuit Judge, 229 Mich. 470, 201 N. W. 498; Security State Bank v. Rodway, 50 S. D. 156, 208 N. W. 778.

■■ The effect of the failure of the trial court to finally determine the amended motion within the 45-day period was to overrule it by operation of law. The motion is granted and the appeal is dismissed for want of jurisdiction in this court to entertain the same; the appeal bond not being timely filed as required by statute.

### On Rehearing.

It is urged that the order made upon the application of the appellant extending the time within which to file the amended motion for new trial and to make presentment thereof for action by the court was allowable under the statute. By express terms of article 2092, subdivision 28, as amended by Acts 41st Leg. (1930), 5th Called Sess., c. 70, an original motion for new trial timely filed, and which was "not acted on at the term of court at which it was filed," shall not be considered as waived or overruled, but may be disposed of at a time; namely, (1) At the succeeding term of the court, or (2) at any time which the judge may fix, or (3) at any time fixed by the agreement of the parties with leave of the court. It was clearly intended by such provision to save something which would otherwise be lost, and therefore the general provision mentioned should be regarded as having the same effect as a saving clause in a repealing statute. Such general provision, however, in view of following parts of the same section, was not intended to be unlimited in time of performance. By the subsequent clause it was expressly declared that the motion and amended motions for new trial (1) "must be presented within 30 days after the original motion or amended motion is filed"; (2) "and must be determined within not exceeding 45 days after the original or amended motion is filed." The only departure allowable by the act from the time provisions stated is that of "unless by written agreement of the parties filed in the case the decision of the motion is postponed to a later date." That particular designation of time for doing of acts required to be performed was manifestly intended to control the acts to be done and to operate as a limitation upon the time required for the doing of the certain

acts to be done. Especially should it be held to be mandatory, in view of the late amendment of section 28 by the Legislature.

The motion for rehearing is overruled.