## THOMASON et al. v. WIEBUSCH et al.
### No. 2855.

Court of Civil Appeals of Texas. El Paso.
July 13, 1933.

Rehearing Denied June 28, 1934.

W. F. Bane and P. G. Peurifoy, both of Dallas, for appellant Peurifoy.

W. F. Bane, G. W. Thomason, and Walter R. Fly, all of Dallas, for appellant Thomason.

John A. Erhard and W. H. Reid, both of Dallas, for appellees.

PELPHREY, Chief Justice.

This is a suit by G. W. Wiebusch and others against G. W. Thomason, in which P. G. Peurifoy intervened. The case was tried in the Forty-Fourth district court of Dallas county. The terms of that court begin on the first Mondays in January, April, June, and October.

The charge of the court and verdict of the jury were filed May 28, 1932.

On May 30, 1932, Thomason filed his motion "to grant him a motion for a new trial in this case and set aside the judgment rendered herein against him on the 28th day of May, 1932."

On June 6, 1932, Peurifoy filed his motion for new trial.

On June 18, 1932, Thomason filed "his first amended motion for New Trial in lieu of his original motion for new trial filed herein on the 30th day of May, A. D. 1932, and moves this court to grant him a new trial in this cause and set aside the judgment rendered herein against him on the 28th day of May, 1932."

The record contains a motion, the filing date of which is not shown but which reads: "G. W. Wiebusch et al. vs. G. W. Thomason

"Entered Tuesday, August 30th, 1932.

"Done August 30th, 1932. Tuesday.

"Now come the plaintiffs in the above entitled and numbered cause and show to the Court that heretofore on the 28th day of May, A. D. 1932, in response to peremptory charge and instructions submitted to the Jury, by the Court herein, verdict was returned into this Court by the Jury and judgment pronounced thereon by the Court in favor of the plaintiffs herein and against the defendant and the intervenor herein in manner and substance as shown by the copy of said verdict and judgment hereto attached; but that through inadvertence and mistake the judgment of the Court in this cause has not been filed herein and entered upon the minutes of this Court within the term at which the verdict was returned and within which judgment in this cause was pronounced by the Court. Plaintiffs show that they are now entitled to have judgment in their behalf entered herein nunc pro tunc and recorded in the minutes of this Court with the same effect as though the same had been signed by the Court and entered in the minutes of this Court during the term at which said verdict and judgment were rendered;

"Wherefore, Plaintiffs move and pray this Honorable Court that judgment be here now entered nunc pro tunc in manner and form as hereto attached and that they be granted all such other and further relief herein to which they may be entitled.

"[Signed] Reid & Erhard."

Below the signature of Messrs. Reid & Erhard appears the following:

"On this the 30th day of August the above motion being duly considered, by the Court, same is in all things sustained, and it is ordered, adjudged and decreed that the following judgment be entered for the plaintiffs in this Cause.

"[Signed] Towne Young, Judge.

"Motion and Order entering Judgment Nunc Pro Tunc.

"Volume 'G' Page 156 Minutes 44th Judicial District of Texas, Dallas County.

"G. W. Wiebusch et al. vs. G. W. Thomason No. 91052-D-C-B

"Monday, May 16th, A. D., 1932.

"Entered Tuesday, August 30th, A. D. 1932."

Then follows judgment as recorded in volume G, at page 156, minutes Forty-Fourth district court, in favor of Wiebusch against Thomason and Peurifoy.

On September 26, 1932, Peurifoy filed amended motion for new trial.

On September 30, 1932, the court entered an order overruling the amended motions for new trial filed by Thomason and Peurifoy to which they excepted, gave notice of appeal, and on October 28, 1932, they filed their appeal bonds.

The practice in the district courts of Dallas county is governed by article 2092, R. S., which has 31 subdivisions.

■ Motions for new trial shall be filed within 10 days after the judgment is rendered, and "may be amended by leave of the court at any time before it is acted on within twenty days after it is filed." Subdivision 29.

The record here affirmatively shows the judgment was rendered May 28, 1932.

The original motions for new trial of

Thomason and Peurifoy were filed within the 10-day period, and Thomason's amended motion was filed within the 20-day period. Peurifoy's amended motion was not filed within the time limited, but this is unimportant if at the time it was filed and acted upon the court had authority to consider the same. Townes v. Lattimore, 114 Tex. 511, 272 S. W. 435; Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355; American Surety Co. v. Whitehead (Tex. Com. App.) 45 S. W.(2d) 958; Diamond, etc., v. Strube, 115 Tex. 515, 284 S. W. 935.

Subdivision 31 of article 2092 provides: "In appeals from such civil district courts the appeal bond shall be filed within thirty days after the judgment or order appealed from is rendered, if no motion for new trial is filed, and if a motion for new trial is filed, the appeal bond shall be filed within thirty days after the motion for new trial is overruled."

■The appeal bonds were filed within 30 days after the order of September 30th overruling the amended motions for new trial. Under the authorities above cited, the bonds would be considered as timely filed, but by chapter 70, p. 227, Acts of 41st Legislature, 5th Called Sess., subdivision 28 of article 2092 was amended (Vernon's Ann. Civ. St. art. 2092, subd. 28) so as to provide: "All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date."

The emergency clause of that act reads: "Sec. 2. The fact that the Supreme Court of Texas in the cases of Townes vs. Lattimore, 114 Texas 511, and Nevill vs. Wilson, 116 Texas 1, has held that the present Statute is merely directory, and since no time limit within which motions for new trial may be filed and determined, creates an emergency and an imperative public necessity that the Constitutional Rule requiring Bills to be read on three several days in each House be and the same is hereby suspended, and that this Act shall take effect and be in force from and after its passage and it is so enacted."

There can be no doubt, we think, that the Legislature by this act intended that it should be the mandatory duty of the court to act on motions for new trial within the 45-day period unless by written agreement such action is postponed to a later date. It was so held in Millers Mut. Fire Ins. Co. v. Wilkirson (Tex. Civ. App.) 44 S.W.(2d) 787.

■ The record in this case contains no agreement to postpone. Upon this view it follows that by operation of law Thomason's amended motion for new trial must be considered as overruled on August 2, 1932, and Peurifoy's original motion overruled July 21, 1932. The appeal bonds were filed more than 30 days after those dates.

■ But the judgment was not entered of record until August 30, 1932, and the appeal bonds, if filed in 30 days thereafter, would be timely. Bassett v. Mills, 89 Tex. 162, 34 S. W. 93; Palmo v. Slayden & Co., 100 Tex. 13, 92 S. W. 796; Gilmore v. Ladell (Tex. Civ. App.) 34 S.W.(2d) 919; Burnette v. Miracle (Tex. Civ. App.) 295 S. W. 214, and cases there cited.

The bonds were filed more than 30 days after the entry of the judgment.

We are therefore of the opinion that the jurisdiction of this court did not attach because the appeal bonds were filed more than 30 days after the motions for new trial were overruled by operation of law and more than 30 days after the entry of the judgment. Millers Mut. Fire Ins. Co. v. Wilkirson, supra.

Appellee's motion to dismiss is sustained, and the appeals are dismissed.

### On Rehearing.

We have delayed disposition of the appellants' motion for rehearing to await the ruling of the Supreme Court in Millers Mut. Fire Ins. Co. v. Wilkirson (Tex. Civ. App.) 44 S.W.(2d) 787, in which a writ of error was granted July 2, 1932. No ruling in such case has, as yet, been made, by the Supreme Court. We do not feel warranted in further delaying action upon appellants' motion for rehearing.

In further support of our action in dismissing the appeal, see the very recent case of Thomas v. Murphy, 70 S.W.(2d) 1020, by the Galveston Court of Civil Appeals.

The motion for rehearing is overruled.