**THOMAS v. MURPHY et al.**
No. 10157.

Court of Civil Appeals of Texas. Galveston.
May 11, 1934.

Rehearing Denied May 10, 1934.

Weslow, Beadle & Mooney, of Houston, for appellant.

Sewell, Taylor, Morris & Garwood, R. E. Seagler, and Fulbright, Crooker & Freeman, all of Houston, for appellees.

GRAVES, Justice.

On a former day of this term, without written opinion, this court sustained a motion of the appellees to dismiss the appeal in this cause on a holding that there was no jurisdiction here to further entertain it, since, under the facts presented, the appellant's

motion for new trial below was not presented there within the 30 days after it was filed as required by subdivision 28 of article 2092 as amended (Acts 41st Legislature, 5th Called Session, c. 70 [Vernon's Ann. Civ. St. art. 2092, subd. 28]) ; the court a quo being one subject to the provisions of chapter VI of title 42 of the Revised Civil Statutes of 1925.

After a careful reconsideration upon this rehearing of that motion, the former conclusion is now reiterated under the citation of these authorities: Nevitt et ux. v. Wilson, Judge, et al., 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355 ; Townes v. Lattimore et al., 114 Tex. 511, 272 S. W. 435 ; Millers Mutual Fire Ins. Co. v. Wilkirson (Tex. Civ. App.) 44 S.W.(2d) 787.

In other words, it is herein held that the 30-day requirement under such amended subdivision 28 is mandatory ; hence this court is without jurisdiction to consider the appeal on its merits, having no alternative than to dismiss the same.

It is true that our former holding in Marquis v. Reed, 46 S.W.(2d) 711, which was made subsequent to the passage of this amended subdivision 28, is on its face in apparent conflict with the construction now put upon that subdivision, but it is only technically or seemingly so, for the reason that that decision was made as upon the state of the law existing theretofore, the fact that it had been so amended not having been called to this court's attention, hence the statute as now worded was never considered nor construed.

The motion for rehearing will therefore be overruled.

Overruled.