## SOLOMON v. HARRISON et al.
## No. 11882.

Court of Civil Appeals of Texas. Dallas.
March 9, 1935.

Bond & Porter, of Terrell, and McNees & Roberts, of Dallas, for appellant.

D. A. Frank and W. P. Bondies, both of Dallas, for appellees.

JONES, Chief Justice.

Appellees have filed a motion to dismiss this appeal for want of jurisdiction, the specific ground being that the appeal bond, required to perfect the appeal, was not filed within the statutory time of thirty days, after the motion for a new trial was overruled by operation of law. The record shows that the judgment of the lower court, on which the appeal is predicated, was entered March 3, 1934, and that an original motion for a new trial was filed the same day; that appellant's amended motion for a new trial was filed on March 10, 1934; and that no action was had on such motion until May 19, 1934, seventy days after its filing, when it was heard and overruled. The appeal bond was filed June 15, 1934, and no written agreement to postpone hearing of the motion appears in the record.

■ Subdivision 28 of article 2092, R. S., was amended by the 41st Legislature, 5th Called Session, p. 227, c. 70, § 1 (Vernon's Ann. Civ. St. art. 2092, subd. 28), and the applicable part now reads: "All motions and amended motions for new trials must be presented within thirty (30) days after the original motion or amended motion is filed and must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date." The only change made in this clause of said subdivision 28 is that the word "must" is substituted for the word "shall" in the two instances in which the word "shall" is used in the original enactment. This clause had been construed to be merely directory as to the time in which a duly filed motion for a new trial could be presented and ruled upon by the trial court, but since the amendment the provision as to time is clearly mandatory.

The emergency clause in the amended Act (Acts 1930, 5th Called Sess. c. 70, § 2) clearly manifests the intention of the Legislature to make the provision mandatory. It reads: "The fact that the Supreme Court of Texas in the cases of Townes v. Lattimore, 114 Texas 511 [272 S. W. 435], and Nevitt v. Wilson, 116 Texas 29 [285 S. W. 1079, 48 A. L. R. 355], has held that the present Statute is merely directory, and since no time limit within which motions for new trial may be filed and determined, creates an emergency and an imperative public necessity that the Constitutional Rule," etc.

■ Subdivisions 28, 29, and 30 of article 2092, R. S., have been recently construed by the Supreme Court, in the light of the amendment to subdivision 28, above quoted. Dallas Storage & Warehouse Co. et al. v. Taylor, District Judge, 77 S.W.(2d) 1031, 1034; Millers Mutual Fire Ins. Co. of Texas v. Wilkerson, 77 S.W.(2d) 1035; Independent Life Ins. Co. of America v. Work, District Judge, et al., 77 S.W.(2d) 1036. In the case of Dallas Storage & Warehouse Co. et al. v. Taylor, District Judge, supra, the following holding, decisive of the question under review, is made: "If a motion for new trial duly filed, whether the original motion or the amended motion, is not presented within 30 days after the date of its filing, it is overruled by operation of law at the expiration of such 30-day period."

■ In the instant case, the amended motion was filed but was not presented within thirty days after the date of its filing, hence it was overruled by operation of law at the expiration of such thirty-day period, which was April 10, 1934. Under subdivision 30 of article 2092, in order to perfect an appeal to, and invoke the jurisdiction of, the Court of Civil Appeals, the appeal bond must have been filed within thirty days after April 10, 1934. Millers Mutual Fire Ins. Co. of Texas v. Wilkerson et al., supra.

■ The motion for a new trial in this case was presented to the trial court and overruled May 19, 1934; at such time the trial court had lost jurisdiction of the case, and such action of the trial court is void and of no effect. Dallas Storage & Warehouse Co. et al. v. Taylor, District Judge, et al., supra.

The motion to dismiss the appeal, under these authorities, must be granted, notwithstanding the diligence of appellant in trying to get his motion acted upon within the statutory period of time.

Appeal dismissed.