## MASTERSON et al. v. BINGHAM.

### No. 9782.

Court of Civil Appeals of Texas. Galveston.

May 10, 1935.

Rehearing Denied May 23, 1935.

J. E. Price, of Houston, for appellant Bassett Blakely.

Cole, Cole, Patterson & Kemper, of Houston (Robt. L. Cole, of Houston, of counsel), for appellee.

PLEASANTS, Chief Justice.

This case, which came to this court on appeal from a district court of Harris county, was submitted for decision in October, 1932, and was considered and decided on November 3, 1932, on which date the court rendered and entered a judgment in favor of appellants, reversing and rendering the judgment of the trial court.

Thereafter, on November 16, 1932, the appellee filed a motion to dismiss the appeal, on the ground that this court had obtained no jurisdiction to hear and determine the appeal. This motion is based on the showing by the record that the judgment of the trial court had become final before the motion for new trial was determined by the trial court, and that court having no jurisdiction to decide the motion at the time it entered its order refusing the new trial, the appeal bond, which was filed in October, 1932, six months after the judgment became final, was not filed in time to invoke the jurisdiction of this court. Much water has run under the mill since this motion to dismiss was filed. Thomas v. Murphy et al. (Tex. Civ. App.) 70 S.W.(2d) 1020; Thomason et al. v. Wiebusch (Tex. Civ. App.) 73 S.W.(2d) 142; Dallas Storage & Warehouse Co. v. Taylor (Tex. Sup.) 77 S.W.(2d) 1031; Millers Mut. Fire Ins. Co. v. Wilkirson (Tex. Sup.) 77 S.W.(2d) 1035.

The motion is determinable on the proper construction of subdivision 28, art. 2092, Revised Statutes of 1925, as amended by Acts of 5th Called Session, 1930, c. 70, § 1, of the Legislature (Vernon's Ann. Civ. St. art. 2092, subd. 28).

When we first came to consider the motion, action thereon was postponed, as suggested by appellee in the motion, to await

final determination by the Supreme Court of the case of Millers Mutual Fire Ins. Co. v. Wilkirson, supra, then pending in that court on writ of error, which case presented the exact question presented by this motion.

That case having been finally determined by the Supreme Court on December 31, 1934, 77 S.W.(2d) 1035, in favor of appellee's contention that this court had acquired no jurisdiction to hear and determine the appeal, the motion has been granted, our judgment in the case set aside, and the appeal dismissed.

Motion granted.