## HOUSTON LIFE INS. CO. v. DABBS.
### No. 10066.

Court of Civil Appeals of Texas. Galveston.
June 28, 1934.

Rehearing Denied July 19, 1934.

T. K. McElroy and A. D. Dyess, both of Houston, for appellant.

Henderson, Copeland & Shenk, of Houston, for appellee.

GRAVES, Justice.

At a former day of this term, on October 5th of 1933, this court ordered the appellee's motion to dismiss the appeal in this cause to be taken with the case itself, which has not and probably will not for some time yet to come be reached for trial. In the meantime, the appellee, by further motion filed herein June 22d of 1934, asking an advancement of a hearing on his motion to dismiss, has brought to this court's attention the fact that in the recent case of Thomas v. Murphy (Tex. Civ. App.) 70 S.W.(2d) 1020, we held the ground upon which his motion to dismiss is based well taken; that is, that the requirement of R. S. art. 2092, subd. 28, as amended by Acts 1930, 5th Called Sess., c. 70, § 1 (Vernon's Ann. Civ. St. art. 2092, subd. 28), that a motion for new trial must be presented below within thirty days after being filed, is mandatory. Investigation determines this contention to be correct; wherefore, the requested acceleration of the hearing on the motion to dismiss is granted, and, since the record in this cause undisputedly shows the same state of facts as existed in the Thomas v. Murphy Case, that is, that the motion for new trial in this cause in the district court governed by the same practice act was not presented with-

in thirty days after having been filed, on the authority of the holding in Thomas v. Murphy the appellee's motion to dismiss this appeal for that reason will be sustained; it being clear that this court never acquired jurisdiction to determine the appeal so presented here.

The appellee's motion to dismiss this appeal will therefore be granted as of this date.

Appeal dismissed for want of jurisdiction.